Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT

for the

EASTERN District of MICHIGAN

SOUTHEASTERN Division

| | |
|---|---|
| **JOY RAHAMAN** | Case: 4:22-cv-10635 |
| *Plaintiff(s)* | Judge: Davis, Stephanie Dawkins |
| *(Write the full name of each plaintiff who is filing this complaint.* | MJ: Stafford, Elizabeth A. |
| *If the names of all the plaintiffs cannot fit in the space above,* | Filed: 03-24-2022 At 02:51 PM |
| *please write "see attached" in the space and attach an additional* | CMP JOY RAHAMAN V STATE FARM MUTUAL INSUR CO (SS) |
| *page with the full list of names.)* | |
| -v- | Jury Trial: *(check one)*  ☒ Yes  ☐ No |
| | |
| **STATE FARM MUTUAL INSURANCE COMPANY** | |
| *Defendant(s)* | |
| *(Write the full name of each defendant who is being sued. If the* | |
| *names of all the defendants cannot fit in the space above, please* | |
| *write "see attached" in the space and attach an additional page* | |
| *with the full list of names.)* | |

## COMPLAINT FOR A CIVIL CASE

I.  **The Parties to This Complaint**

A.  **The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | JOY RAHAMAN |
| Street Address | 4208 BISHOP ST. |
| City and County | DETROIT  WAYNE COUNTY |
| State and Zip Code | MICHIGAN 48224 |
| Telephone Number | (313) 808-6030 |
| E-mail Address | jbrahaman13@yahoo.com |

B.  **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1
Name                                STATE FARM MUTUAL INSURANCE COMPANY
Job or Title *(if known)*
Street Address                      ONE  STATE FARM PLAZA
City and County                     BLOOMINGTON MCLEAN
State and Zip Code                  ILLINOIS 61710
Telephone Number                    309 766-2311
E-mail Address *(if known)*         CUSTOMERCARE@STATEFARM.COM

Defendant No. 2
Name
Job or Title *(if known)*
Street Address
City and County
State and Zip Code
Telephone Number
E-mail Address *(if known)*

Defendant No. 3
Name
Job or Title *(if known)*
Street Address
City and County
State and Zip Code
Telephone Number
E-mail Address *(if known)*

Defendant No. 4
Name
Job or Title *(if known)*
Street Address
City and County
State and Zip Code
Telephone Number
E-mail Address *(if known)*

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## II.    Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☒ Federal question          ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.    If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

| | |
|---|---|
| 18 USC sec. 1001 False Statements | Rule 9 Fraud/ Fraudulent Inducement |
| 18 USC sec. 1341 Fraud and Swindle | Racial Discrimination (Ethnicity and religion |
| Rule 38 Right to a Jury Trial | 18 USC sec 2071 Concealment |
| 42 USC sec. 1983 Deprivation of Civil Rights | 42USC sec1985 Civil Conspiracy |
| 42 USC Sec. 12102 Disability/Serious Impairment | 17 USC sec 240 Fraud Misrepresentation |
| 42 USC Sec. 1981 Intentional Infliction of Emotional Distress | |
| 42 USC sec.1988 Vindication of civil rights | 18 USC sec. 2261 Stalking |
| Negligence / Gross Negligence | Bad Faith Practices |
| 42 USC sec. 1791  Intentional Misconduct | |
| 28 USC sec. 4101 Defamation | |

### B.    If the Basis for Jurisdiction Is Diversity of Citizenship

1.    The Plaintiff(s)

a.    If the plaintiff is an individual

The plaintiff, *(name)*  JOY RAHAMAN                          , is a citizen of the

State of *(name)*   MICHIGAN                          .

b.    If the plaintiff is a corporation

The plaintiff, *(name)*                          , is incorporated

under the laws of the State of *(name)*                          ,

and has its principal place of business in the State of *(name)*

.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.   The Defendant(s)

a.   If the defendant is an individual

The defendant, *(name)* _____ , is a citizen of

the State of *(name)* _____ . Or is a citizen of

*(foreign nation)* _____ .

b.   If the defendant is a corporation

The defendant, *(name)*   STATE FARM MUTUAL _____ , is incorporated under

the laws of the State of *(name)*   ILLINOIS _____ , and has its

principal place of business in the State of *(name)*   ILLINOIS _____ .

Or is incorporated under the laws of *(foreign nation)* _____ ,

and has its principal place of business in *(name)* _____ .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.   The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

| | |
|---|---|
| Physical and emotional injuries | $5,000,000.00 |
| Permanent disfigurement | $7,000,000.00 |
| Future Wage loss | $5,000.000.00 |
| Future Medical expenses | $5,000,000.00 |
| Loss of personal and professional opportunites | $10,000,00.00 |
| Slander and libel | $2,000.000.00 |
| Emotional Distress | $400,00.00 |

Plaintiff seeks $32,400,000.00 as relief.

## III.   Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

PLEASE SEE  ATTACHMENT PAGES 1-13.

## IV.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

PLEASE SEE ATTACHMENT PAGES 13-27.

## V.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:  *March 25, 2022*

Signature of Plaintiff  *Joy Rahaman*

Printed Name of Plaintiff  *Joy Rahaman*

### B.    For Attorneys

Date of signing:  _____

Signature of Attorney  _____

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

| | |
|---|---|
| Printed Name of Attorney | _____ |
| Bar Number | _____ |
| Name of Law Firm | _____ |
| Street Address | _____ |
| State and Zip Code | _____ |
| Telephone Number | _____ |
| E-mail Address | _____ |

# STATEMENT OF CLAIM

## NATURE OF THE ACTION

1. This is an action for relief from Fraud and Swindle, False Statements, Fraud
   Misrepresentation, Fraudulent Inducement of a Contract, Racial Discrimination,
   Silent Fraud, Negligence, Gross Negligence, Concealment, Intentional Misconduct,
   Civil Conspiracy, Violation of Rule 38; Right to a Jury Trial, Disability/Serious
   Impairment, Intentional Infliction of Emotional Distress, Stalking, Bad Faith
   Practices, Violation of a Person with a Disability, and Defamation pursuant to No.
   360 checked box, "OTHER PERSONAL INJURY."

2. This claim is related to Case no.5:20-cv-11628 in District Judge Judy E. Levy's
   courtroom with Magistrate Judge Elizabeth Stafford. Parties Joy Rahaman v.
   American Family Connect Property and Casualty Insurance Co., the first party
   insurer.

   a. This claim involves Plaintiff, Joy Rahaman and the third-party insurer, State
      Farm Mutual Insurance Company as the Defendant. State Farm made false
      statements:

      a. "Ms. Rahaman is HIV POSITIVE"

      b. "She was prescribed Zerit 20 mg, and Folic acid 100mg."

      c. 'She smokes weed and uses other drugs, have mental health
         issues"

      d. "she's got a criminal record"

Defendant assassinated my character then fraudulently induced a third-party lawsuit in

the Wayne County Circuit Court who did not have jurisdiction and without my knowledge.
Defendant violated Plaintiff's Civil and Constitutional right to a jury trial.

3. Plaintiffs seek injunctive and declaratory relief, compensatory damages, punitive damages, special damages, general damages, exemplary damages, economic and non-economic damages, and expectancy damages, and reasonable attorneys' fees, and costs as remedies for Defendants' violations of their rights, as "Vindication of Civil Rights" pursuant to USC §1988.

## JURISDICTION / VENUE

4. Jurisdiction is conferred upon this Court by 28 USC §1331 and bought in pursuant to claims under 18 USC § 1001 (1)(2)(3) and ---- from which Plaintiff is entitled to relief.

5. At all material times the plaintiff, Joy Rahaman, is a woman, who resides in Detroit, Michigan.

6. At all material times the defendant was the insurer, State Farm Mutual Auto Insurance Company.

7. At all material times the insurer was a citizen of Bloomington, Illinois.

8. At all material times they were incorporated in the State of Illinois. Damages exceeds $75,000.00.  **Jury Trial Demanded**.

9. Venue is appropriate in this Court because events giving rise to this complaint Occurred in Michigan.

## FACTUAL ALLEGATIONS

10. At all material times, State Farm Mutual Auto Insurance Company has been

corporation continuously doing business in the State of Michigan.

11.   At all material times, Plaintiff sent Defendant a Federal Court subpoena.

12.   At all material times, State Farm refused to comply with the Subpoena because Plaintiff is Pro Se.

13.   At all material times, this claim is related to Case No. 5:20-cv-11628.

14.   At all material times, Magistrate Judge Steven Whalen recommended Plaintiff was entitled to damages and the order was adopted by District Judge Judith E. Levy.

15.   On September 3, 2016, Mr. Randy Saenz had coverage through State Farm Mutual Auto Insurance when he gave his girlfriend Ms. Jessica Jean Norman permission to use his vehicle.

16.   At all material times, State Farm Mutual Auto Insurance company informed Plaintiff Ms. Norman was given permission by Mr. Saenz to use his vehicle.

17.   At all material times, State Farm Mutual Auto Insurance Company agreed to Assume accountability for Ms. Norman through the auto policy of Mr. Saenz.

18.   At all material times, Ms. Rahaman was rear ended by Ms. Norman while sitting at a red light on southbound Telegraph Road, in Taylor Michigan on September 3, 2016.

   a.   Ms. Norman threw the registration out the window before she fled the scene

   b.   She was driving on suspended license

   c.   She has an extensive DUI history

d.  She was found at Mr. Saenz home

e.  She was given a sobriety test

f.  She acted or failed to act while under the influence of alcohol or drugs

g.  She was arrested by the Taylor Police Department hours later

19.  At all material times, Plaintiff filed a claim with her first party provider, IDS

Property Casualty Insurance Co. now known as American Connect Family Insurance

Co. within a day or two of the accident.

20.  At all material times, American Connect Family Insurance company refused to pay

the claim to date.

21.  At all material times, American Connect Family Insurance company identified State

Farm as the "third-party" insurer who needed to "take responsibility" for the injuries.

22.  At all material times, on January 17, 2017, Plaintiff hired the Law Offices of Kevin

Geer to represent her for First-party benefits after American Connect Family Insurance

company refused to pay PIP benefits in 2016 to date.

23.  At all material times, both insurers and Plaintiff's former attorney, Mr. Kevin Geer

began working together to defraud Plaintiff out of PIP Benefits and her Third-party

negligence claim.

24.  At all relevant times, Plaintiff's attorney, Mr. Kevin Geer died on April 12, 2019.

25.  At all relevant times, Plaintiff received her PIP file from the Estate Attorney some

time towards the end of June 2019.

26.  At all relevant times, Plaintiff discovered her first party insurer and decease attorney committed a civil conspiracy. On June 7, 2020, she filed a federal fraud complaint against her first party insurer.

27.  At all material times, Plaintiff's claim Case No. 5:20-cv-11628 was reassigned by District Judge Judy E. Levy to Magistrate Judge Elizabeth Stafford after the retirement of Magistrate Judge Steven Whalen.

28.  At all material times, Plaintiff was unaware State Farm was apart of the Civil Conspiracy until after Magistrate Judge Steven Whalen made his recommendations.

29.  At all material times, it was Plaintiff's first party Defense Counsel who continuously focused on defending both first and third parties even though State Farm was not made a part of Case No. 5:20-cv-11628.

30.  At all material times, first party Defense Counsel was granted Partial Summary Judgment for "first party PIP benefits and third-party negligence", two claims outside Plaintiff's 11-count complaint.

31.  At all material times and after the ruling, Plaintiff re-reviewed the PIP file with focus on "third-party" and discovered State Farm made false statements, filed a fraudulent lawsuit and forged my signature on legal documents while Plaintiff was recovering from surgery.

32.  At all material times, Plaintiff sustained injuries:

a.  Whiplash

b.  Headaches, confusion, and dizziness

c.  Left C6 cervical radiculopathy

d.  Cervical disc herniation C4-C5

e.  Cervical disc herniation C5-C6

f.  Cervical disc herniation C6-C7

g.  Loss of hearing left ear

h.  Right shoulder full thickness and supraspinatus tendon tear

i.  Left shoulder partial thickness tear

j.  Ringing in bilateral ears

k.  Anxiety and depression

l.  Right knee pain

m.  Right foot pain

33.  At all material times, Plaintiff underwent surgery to her right shoulder rotator cuff repair with decompression of the right Supraspinatus tendon on March 4, 2017.

34.  At all material times, Plaintiff is right sided dominant and right-handed.

35.  At all material times, Plaintiff has permanent scarring and sustained additional trauma in the form of disfigurement from the surgery 18 USC § 1365 (h)(4) in the form of:     (A)  A cut, abrasion, burn, or disfigurement

(B)  Physical Pain

(C)  Illness

(D)  Impairment of the function of a bodily member or organ

(E)  Any other injury to the body, no matter how temporary

36.  At all material times, Plaintiff sustained a 42 USC § 12102 Disability /Serious Impairment and or Serious Impairment of a bodily function (MCL 500.3135).

37.  At all material times, Plaintiff medical treatment did not end until September 13, 2019.

38.  At all material times and due to the severe nature of her injuries, pain and suffering, Plaintiff refused to negotiate or settle her claim before completing treatment.

35.  At all material times, Plaintiff do not drink, smoke, smoke weed or do drugs. She does not have a criminal record, not even a parking ticket.

36.  At all material times, Plaintiff informed the State Farm adjuster, Mr. Rafal Lopowski she would contact him once she recovered.

37.  At all relevant times, Defendant, State Farm hired Michelle Boedeker of Boedeker Law Firm as an employee on their behalf and are responsible for her acts, through

 "Vicarious Liability."

38.  At all material times, Boederker Law Firm sent an email with false information regarding Plaintiff.

39.  At all material times, on March 3, 2017, one day prior to Plaintiff's surgery, Boederker Law stated the Plaintiff was "HIV positive, used drugs, suffered from mental health issues, and had a criminal record" as a "scapegoat" to humiliate, shame, and embarrass Plaintiff.

40.  At all material times, on March 3, 2017, Boederker law sent an email to Mr. Kevin Geer, Plaintiff's decedent attorney, stating Plaintiff was "taking Zerit 20 mg and folic

acid 100 mg for treatment of her HIV." In the same email, she states, "Muslim should be grateful if we give her anything."

41. At all material times, she mentions Aaron Sims, Defense Counsel for American Family Connect Prop., who is the Defense attorney in case no. 5:20-cv-11628, and Dr. Michael Bagley, Orthopedic Surgeon who performed Plaintiff's shoulder surgery.

42. At all material times, Plaintiff is **NOT** HIV POSITIVE.

43. At all material times, on March 28, 2017, Plaintiff sent Spine Special of Michigan an email through her Escribe medical records account citing she was not on these medications.

44. At all material times, on May 25, 2017, Defense counsel fraudulently induced a third party "negligence" lawsuit in Michigan Wayne County State Court.

45. At all material times, the Wayne County Court Register of Actions confirms the filing.

46. At all relevant times, State Farm did not have any evidence of Plaintiff agreeing to a third-party lawsuit.

47. At all relevant times, State Farm do not and did not have a contract from the Plaintiff for a "third-party negligence" attorney her representative.

48. At all relevant times, Plaintiff did not hire Mr. Geer (decedent) her first party attorney to represent her for a "third-party" claim.

49. At all relevant times, Plaintiff was recovering from surgery during the lawsuit initiation date.

50. At all material times, Wayne County Register of Actions shows the lawsuit was not initiated by the decedent.

51. At all material times, the "alleged" complaint filed in State Court by Mr. Geer, is a "copied and pasted" document I found in the PIP file without his original signature.

52. At all material times, Wayne County register of actions shows I, the Plaintiff initiated this lawsuit with an outstanding balance of $175.00 on May 25, 2017.

53. At all relevant times, Plaintiff did not initiate this lawsuit because she was unable to drive, write, or move due to her injuries.

54. At all material times, the case was assigned to Judge David Allen courtroom.

55. At all material times, the Wayne County register of actions shows evidence of three filings made only by Defendant on behalf of Randy Saenz and Jessica Norman.

56. At all material times, the Wayne County register of actions shows the dates of those filings were:

        a.  07/12/2017

        b.  09/27/2017

        c.  12/27/2017

57. At all material times, the Wayne County register of actions showed "outstanding" balance at the time these court filings.

58. At all material times, the Wayne County register of actions shows the lawsuit initiation fee and all three court filing balances were paid in full on 09/25/2020.

59. At all material times, on 09/25/2020, the Wayne Circuit Court was closed to the general public due to Covid-19.

60. At all material times, only lawyers and judges had limited access to the building.

61. At all relevant times, Plaintiff's attorney decedent attorney's law practice closed shortly after his death in 2019, and Mr. Geer worked alone without other attorneys.

62. At all material times, evidence shows Mr. Geer law office, State Farm and the first party insurer, American Connect Family Prop Ins. Co. committed Civil Conspiracy against Plaintiff.

63. At all material times, all the documents in my PIP file from Mr. Geer's office related to State Farm Insurance co. are not original and do not have original signatures.

64. At all material times, the initial court filing for the lawsuit is a "photoshopped" copy of Mr. Geer's signature.

65. At all material times, the law firm of Boederker Law Offices committed Fraud upon the Court.

66. At all material times, Defendant deliberately and intentionally filed this lawsuit in the wrong court.

67. At all material times, Plaintiff did not agree to settle her claim in the State Court.

68. At all material times, Defendant refused to assume responsibility for the DUI suspect.

69. At all material times, Defendant concealed Randy Saenz's contract information for coverages related to drunk driver, Jessica Norman.

70. At all material times, Defendant concealed the declaration page of Mr. Randy Saenz.

71. At all material times, Defendant concealed the suspect Jessica Norman Michigan driving record from Plaintiff.

72. At all material times, Defendant concealed suspect Jessica Jean Norman driving record from the State Court.

73. At all material times, Defendant concealed the driver was arrested from the Plaintiff.

74. At all material times, Defendant concealed the driver was arrested from the State Court.

75. At all material times, Defendant concealed the driver was driving on a suspended license at the time of the accident.

76. At all material times, Defendant concealed the driver was driving on a suspended license from the State Court.

77. At all material times, Defendant concealed the narrative portion of the Taylor police Department report from the Plaintiff.

78. At all material times, Defendant concealed the narrative portion of the Taylor police Department report from the State Court.

79. At all material times, Defendant concealed the suspect's DUI driving history from the Plaintiff.

80. At all material times, Defendant concealed Jessica Jean Norman DUI driving history from the State Court.

81.  At all material times, Defendant concealed Plaintiff's extensive injuries to her neck, back and bilateral shoulders and other significant injuries.

82. At all material times, Defendant filed this lawsuit at the beginning of Plaintiff's recovery in 2017.

83. At all material times, Decedent and Defendant "tricked" Plaintiff into signing a check for $20,000.00 under false pretense.  Defendant fraudulently misrepresented the $20,000.00 as "paying for my wage loss and attendant care" to cover what the first party had not paid while I was recovering from surgery.

84. At all material times, Defendant fraudulently induced a "third party" negligence contractual agreement.

85. At all material times, Defendant do not have a "third party" agreement from any attorney agreeing to represent Plaintiff.

86.  At all material times, Defendant actions are racially motivated.

87.  At all material times, Defendant made false statements.

88.  At all material times, Defendant falsely represented the facts.

89.  At all material times, Boederker law, third party insurer continued to conspire with Plaintiff's first party insurer after the death of her attorney.

90.  At all material times, Defendant violated my Civil Rights.

91. At all material times, Defendant violated Plaintiff's Constitutional Right to a jury trial.

92. At all material times, Defendant refused to comply with Plaintiff's subpoena.

93. At all material times, Plaintiff has been paying higher insurance rates due to insurer fraud.

# PLAINTIFF'S CLAIM FOR RELIEF

## FIRST CLAIM- VIOLATION OF SEVENTH AMENDMENT

### Right to a Jury Trial

94. Plaintiff realleges paragraphs 1-93.

95. Defendant, State Farm Mutual Insurance Company acts violated the Plaintiff constitutional right to a jury trial. These acts or actions were fraudulent, malicious, outrageous, and with reckless indifference for Plaintiff Civil Rights Plaintiff seeks punitive and compensatory damages at trial in amount not less than two million dollars.

96. Plaintiff seeks recovery of punitive and compensatory damages under the law, in addition as equitable relief to recover attorney fees paid to the Decedent estate in the amount of $43,900.00, and $125,000.00 in Pro Se fees and other fees and costs pursuant to 42 USC §1988, "Vindication of Civil Rights." Plaintiff is entitled to such other relief as the Court deems equitable.

## SECOND CLAIM-CIVIL CONSPIRACY TO INTERFERE

## WITH CIVIL RIGHTS

97. Plaintiff realleges paragraphs 1-93. 42 USC §1985.

98. Civil Conspiracy was alleged by the first party Defense Counsel in case no. 5:20-cv-11628 as he created a "conflict of interest" by representing both American Family Connect and Defendant.

99. Defendant agreed to assume responsibility then took reckless and unlawful actions towards the Plaintiff that caused economic damages in the form of the injury itself, increase disability, disfigurement, emotional harm, injury, pain and suffering, emotional pain and suffering, loss, grief, humiliation, and mental anguish. Plaintiff seeks compensatory and punitive damages in an amount to be determined at trial, not less than two million dollars.

100. Plaintiff seeks recovery of punitive and special damages provided under law, in addition to attorney fees paid to the decedent estate in the amount of $43,900.00 and Pro Se fee of $125,000.00 due to her neck injury, and other costs pursuant to 42 USC §1988 "Vindication of Civil Rights." Plaintiff is entitled to such other relief as the Court deems equitable.

## THIRD CLAIM: FRAUD AND FALSE STATEMENTS

101. Plaintiff realleges paragraphs 1-93. 18 USC § 100.

104. State Farm Mutual Insurance company created, designed, and initiated a fraudulent third-party complaint and filed lawsuit in the Wayne County Court without the Plaintiff's knowledge and without a third-party negligence attorney agreement. Then maliciously assassinated her character by false accusations of Plaintiff of "being a criminal with mental health issues, who was HIV positive and uses drugs." Defendants' unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiffs' right to be free from discrimination based on ethnicity and religion.

105. Plaintiff has suffered and seek punitive damages in the form of the injury itself, increase disability, disfigurement, emotional pain and suffering, physical pain and suffering, loss of employment, loss of enjoyment of life, loss of companionship, and economic damages in the form of medical expenses past, present, and future, loss of professional opportunities as a result of injuries suffered, in an amount determined at trial, not less than three million dollars.

106. Plaintiff seek compensatory damages in the form of wage loss back pay in the amount of $335,425.62 and outstanding medical bills in the amount of $22,350.25, household services in the amount of $25,000.00 to date. Plaintiff is requesting Defendant reimbursement of legal fees in the amount of $43,900.00 and other costs totaling $9,345.35.

107. Plaintiff seeks recovery of punitive and special damages provided under law, in addition to attorney fees paid to the decedent estate in the amount of $43,900.00, Plaintiff request Pro Se fee of $125,000.00 due to her neck injury, and other costs pursuant to 42 USC §1988 "Vindication of Civil Rights." Plaintiff is entitled to such other relief as the Court deems equitable.

## FOURTH CLAIM- FRAUD MISREPRESENTATION

108. Plaintiff realleges paragraphs 1-93. 17 USC § 240.

109. Defendant unlawful acts of omissions, alteration, fictitious filings, and false statements led to a settlement contract without plaintiff's knowledge. Plaintiffs seek punitive damages for humiliation, outrage, stress, anxiety, emotional pain and suffering, pain and suffering, loss of enjoyment of life, and the injury itself to be determined at trial. She further seeks damages for permanent disability, disfigurement, increase disability, medical expenses

past, present, and future, loss of personal and professional opportunities, as a result in an amount to be determined at trial, not less than three million dollars.

110. Plaintiff seek compensatory damages for wage loss back pay in the amount of $335,425.62 and outstanding medical bills in the amount of $22,350.25, household services in the amount of $25,000.00 to date. Plaintiff is requesting Defendant reimbursement of legal fees in the amount of $43,900.00, $125,000.00 in Pro Se fees and $9,345.35 in other fees and costs, plus taxes and interest.

111.  Plaintiff seeks recovery provided under law, and other costs pursuant to 42 USC §1988 "Vindication of Civil Rights." Plaintiff is entitled to such other relief as the Court deems equitable.

## FIFTH CLAIM- CONCEALMENT

112. Plaintiff realleges paragraphs 1-93. 18 USC §207.

113. The egregious and reckless acts are multiple.

115. Plaintiff seek compensatory and punitive damages for humiliation, outrage, stress, anxiety, emotional pain and suffering, pain and suffering, loss of enjoyment of life, and the injury itself, increase disability, permanent disfigurement, to be determined at trial not less than three million dollars.

116. Plaintiff suffered and seek compensatory damages in the form of wage loss back pay in the amount of $335,425.62 and outstanding medical bills in the amount of $22,350.25, household services in the amount of $25,000.00 to date. Plaintiff is requesting Defendant reimbursement of

legal fees in the amount of $43,900.00, $125,000.00 in Pro Se fees and $9,345.35 in other fees and costs, plus taxes.

## SIXTH CLAIM- FRAUDULENT INDUCEMENT OF A CONTRACT

117. Plaintiff realleges paragraphs 1-93.

118. Plaintiff suffered and seek compensatory, punitive and/or exemplary damages, in the form non-economic damages for humiliation, outrage, stress, anxiety, emotional pain and suffering, pain and suffering, loss of enjoyment of life, and the injury itself, permanent disfigurement, increase disability, and depression. Plaintiff requests other monetary damages for medical expenses past, present, and future, future loss professional opportunities, wage loss, past, present, and future, as a result of injuries suffered, in an amount to be determined at trial, not less than one million dollars.

119. Plaintiff suffered economic damages in the form of wage loss back pay in the amount of $335,425.62 and outstanding medical bills in the amount of $22,350.25, household services in the amount of $25,000.00 to date. Plaintiff is requesting Defendant reimbursement of legal fees in the amount of $43,900.00, $125,000.00 in Pro Se fees and $9,345.35 in other fees and costs, plus taxes. Plaintiff seeks recovery of punitive/exemplary and special damages provided under law, in addition to attorney fees paid to the decedent estate in the amount of $43,900.00 and Pro Se fee of $125,000.00 due to her neck injury, and other costs pursuant to 42 USC §1988 "Vindication of Civil Rights." Plaintiff is entitled to such other relief as the Court deems equitable.

## SEVENTH CLAIM- VIOLATION OF 42 USC 12102 (2)(3)

### (SERIOUS IMPAIRMENT OF A BODILY FUNCTION)

120. Plaintiff realleges paragraphs 1-93.

122. M Civ Jl 50.04 allows an "element of damages" for the aggravation of a pre-existing ailment or condition, measured by the amount of the increase in damages arising from the aggravation.

123. Defendant refused to take responsibility for the hit and run driver who caused the accident. Instead, they projected the negative image of their person onto the Plaintiff by concealing the Taylor Police Department narrative report.

124. Defendants' unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiffs' right to be free from discrimination based on national origin and ancestry, deprived her of her substantive rights.

123. Plaintiff seek compensatory and punitive damages in the form of the injury itself, increase disability, disfigurement, pain and suffering, emotional pain and suffering, mental anguish, loss of enjoyment of life, future medical expenses, loss personal and professional opportunities, as a result of injuries suffered, in the amount to be determined at trial, not less than seven million dollars.

124. Plaintiff seeks equitable relief as stated above. Plaintiff seeks recovery under the law, in addition to attorney fees paid to the Decedent estate in the amount of $43,900.00 and $125,000.00 in Pro Se fees and other costs, and taxes pursuant to 42 USC §1988, "Vindication of Civil Rights." Plaintiff is entitled to other and further relief as the Court deems just and equitable.

## EIGHTH CLAIM- VIOLATION OF PERSONS WITH DISABILITY

125. Plaintiff realleges paragraphs 1-93. 42 USC §12102.

126. Defendant denied Plaintiff the opportunity to pursue the third-party benefits in which she was entitled after they "allegedly" assumed responsibility for this drunk driver. Plaintiff underwent three years of extensive treatments for her neck, back and shoulders. Defendant maliciously and outrageously violated Plaintiff's civil rights and cause unduly emotional and physical harm.

127. As a result of State Farm Mutual Insurance Company unlawful misconduct, Plaintiff has suffered and seek non-economic damages in the form of the injury itself, increase disability, disfigurement, pain and suffering, loss of enjoyment of life, loss of companionship, future job opportunities, future medical expenses, as a result of injuries suffered in an amount to be determined at trial not less than two million dollars.

128. Plaintiff suffered economic damages in the form of wage loss back pay in the amount of $335,425.62, and outstanding medical bills $22,350.25, and mileage, prescriptions, and household services in the amount of $9,345.35.  Plaintiff seeks legal fees in that amount of $43,900.00 and $125,000.00 in Pro Se fees and other costs, plus taxes.

## NINETH CLAIM-NEGLIGENCE

129.  Plaintiff realleges paragraphs 1-93. The Defendant, State Farm Mutual Insurance Company owed the Plaintiff a duty and they breached that duty through an act or culpable omission; as a result of that act or omission, the Plaintiff suffered and injury, and the injury to the Plaintiff is a reasonably foreseeable consequence of the Defendant's act or omission. Due to Defendant intentional and reckless misconduct Plaintiff suffered loss.

130. Plaintiff seek compensatory and punitive the injury itself, increase disability, disfigurement, pain and suffering, mental anguish, loss of enjoyment of life, and economic

damages in the form of future medical expenses, loss of personal and professional opportunities, as a result of injuries suffered, in the amount to be determined at trial, not less than two million dollars.

131. Plaintiff suffered economic damages in the form of wage loss back pay in the amount of $335,425.62, and outstanding medical bills $22,350.25, and mileage, prescriptions, and household services in the amount of $9,345.35. Plaintiff seeks legal fees in that amount of $43,900.00 and $125,000.00 in Pro Se fees and other costs, plus taxes.

132. Plaintiff seeks equitable relief stated in the above. Plaintiff seeks recovery of all provided by law, in addition to reasonable attorney fees, taxes, and costs pursuant to 42 USC § 1988, "Vindication of Civil Rights." Plaintiff request other and further relief as the Court deems just and equitable.

## TENTH CLAIM-GROSS NEGLIGENCE

133. Plaintiff realleges paragraphs 1-93. Defendant's negligence is seen as "reckless behavior with a willful disregard for the safety of other human beings or property, the insurer had "disregard or indifference shown to the rights of others, and no concern for whether an injury would result.

134. Defendant owed Plaintiff a reasonable duty of care due to the injury.

135. Plaintiff has suffered and seek non-economic damages in the form of the injury itself, increase disability, disfigurement, pain and suffering, mental anguish, loss of enjoyment of life, and economic damages in the form of future medical expenses, loss professional

opportunities, as a result of injuries suffered, in the amount to be determined at trial, not less than three million dollars.

136. Plaintiff suffered economic damages in the form of wage loss back pay in the amount of $335,425.62, and outstanding medical bills $22,350.25, and mileage, prescriptions, and household services in the amount of $9,345.35. Plaintiff seeks legal fees in that amount of $43,900.00 and $125,000.00 in Pro Se fees and other costs, plus taxes.

137. Plaintiff seeks equitable relief stated in the above. Plaintiff seeks recovery of all compensatory, punitive, exemplary, and/or special damages provided by law, in addition to reasonable attorney fees, taxes, and costs pursuant to 42 USC § 1988, "Vindication of Civil Rights." Plaintiff request other and further relief as the Court deems just and equitable.

## **ELEVETH CLAIM- RACIAL DISCRIMINATION**

139. State Farm Mutual Insurance Company discriminated against me because I am black with a Muslim last name. Every act or action has been demoralizing with an intent to berate Plaintiff's character. As a direct, legal and proximate result of the discrimination, Plaintiffs have sustained, and will continue to sustain, economic damages to be proven at trial. As a result of Defendants' actions, Plaintiffs have suffered emotional distress, mental anguish, humiliation, shame, and embarrassment resulting in damages in an amount to be proven at trial, not less than three million dollars. Plaintiff further seeks compensatory and punitive damages and all other injunctive, declaratory, and monetary relief available for discrimination at trial, not less than three million dollars.

140. Plaintiff seeks equitable relief stated in the above. Plaintiff seeks recovery provided by law, in addition to attorney fees paid to decedent attorney in the amount of $43,900.00 fees, and Pro Se fees of $125,000.00 plus taxes, and other costs pursuant to 42 USC § 1988,

"Vindication of Civil Rights." Plaintiff request other and further relief as the Court deems just
and equitable.

## TWELVETH CLAIM- INTENTIONAL MISCONDUCT

141. Plaintiff realleges paragraphs 1-93. 42 USC § 1791.

142. Defendant intentionally falsified lab results and medications which indicates the
Plaintiff is HIV positive. The Defendant put a tracker on Plaintiff's truck in 2016 and has been
"drone stalking" her ever since over the past 5 years. Plaintiff suffered economic and non-
economic damages in the amount to be determined at trial, not less than two million dollars.

143. Plaintiff seek compensatory and punitive damages for wage loss back pay in the
amount of $335,425.62, and outstanding medical bills $22,350.25, and mileage, prescriptions,
and household services in the amount of $9,345.35. Plaintiff seeks legal fees in that amount of
$43,900.00 and $125,000.00 in Pro Se fees and other costs, plus taxes.

144. Plaintiff seeks equitable relief stated in the above. Plaintiff seeks recovery provided
by law, in addition to reasonable attorney fees, taxes, and costs pursuant to 42 USC § 1988,
"Vindication of Civil Rights." Plaintiff request other and further relief as the Court deems just
and equitable.

## THIRTEENTH CLAIM- DEFAMATION

145. State Farm Mutual Insurance Company libel, slander, and malicious gossip about
the Plaintiff being "HIV positive, used drugs, had mental health issues and a criminal record,"
caused injury to the Plaintiff and as a result she suffered economic and non-economic damages
in the form of loss of professional reputation, loss of professional opportunities, public

humiliation, shame, emotional pain and suffering, physical pain and suffering, embarrassment and depression in an amount to be determined at trial not less than three million dollars.

146. Plaintiff seeks equitable relief stated in the above. Plaintiff seeks recovery in the form of punitive damages provided by law, in addition to attorney fees paid to decedent attorney in the amount of $43,900.00 fees, and Pro Se fees of $125,000.00 plus taxes, and other costs pursuant to 42 USC § 1988, "Vindication of Civil Rights." Plaintiff request other and further relief as the Court deems just and equitable.

## FOURTEENTH CLAIM:

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(Reckless Infliction of Emotional Distress)

147. Plaintiff realleges paragraphs 1-93. 42 USC §1981.

148. Defendant's Counsel act as if they are "above the law" and the federal laws only apply to "non-whites, or persons who are not in the legal field." The outrageous misconduct was intentional, malicious, and with malice. Defendant reckless disregard was the probable cause of Plaintiff's severe and extreme emotional distress.

149. State Farm Mutual Insurance Company caused Plaintiff severe mental and emotional distress when they alleged, Plaintiff was "HIV positive, used drugs, had mental health issues, and a criminal record". Plaintiff was extremely overwhelmed emotionally when she found this email in her PIP file. Plaintiff's reaction includes insomnia, fright, grief, shame, humiliation, embarrassment, anger, disappointment, and worry. Plaintiff has suffered from depression as a result of being subjected to Defendant's racial and discriminatory practices.

150. Plaintiff seek punitive damages in the form of loss enjoyment of life, humiliation, embarrassment, loss of professional opportunities, loss of companionship, and emotional pain and suffering, depression, anxiety, and physical pain and suffering in an amount to be determined at trial not less than three million dollars.

151. Plaintiff seeks equitable relief stated in the above. Plaintiff seeks recovery provided by law, in addition to attorney fees paid to decedent attorney in the amount of $43,900.00 fees, and Pro Se fees of $125,000.00 plus taxes, and other costs pursuant to 42 USC § 1988, "Vindication of Civil Rights." Plaintiff request other and further relief as the Court deems just and equitable.

## FIFTHEENTH CLAIM - STALKING

152. Plaintiff realleges paragraphs 1-81. State Farm Mutual Insurance Company put a tracker on her vehicle and has been "inappropriately" droned stalking Plaintiff over the past five years to date, because she is black with a Muslim last name and single. As a result, Plaintiff suffered emotional harm.

153. Plaintiff suffered non-economic damages in the amount to be determined at trial, not less than two hundred thousand dollars.

154. Plaintiff seeks equitable relief stated in the above. Plaintiff seeks recovery in the form of punitive, exemplary, and/or special damages provided by law, in addition to attorney fees paid to decedent attorney in the amount of $43,900.00 fees, and Pro Se fees of $125,000.00 plus taxes, and other costs pursuant to 42 USC § 1988, "Vindication of Civil Rights." Plaintiff request other and further relief as the Court deems just and equitable.

## SIXTEETH CLAIM- BAD FAITH PRACTICES

155. Because Defendant's insured is a "white female who had a history DUI's, license suspensions, hit and runs," and the Plaintiff is black with a Muslim last name, they intentionally demoralized and assassinated the Plaintiff's character to make her look worse than the white female driver who hit and ran, to avoid assuming responsibility. Plaintiff alleges Defendant filed a third-party lawsuit and settled it while the Plaintiff was still undergoing treatment without her knowledge.

156. The actions of State Farm Mutual Insurance Company were "bad faith", maliciously and with reckless indifference to the rights of the Plaintiff. She seeks punitive damages in an amount to be determined at trial, not less than two hundred thousand dollars.

157. Plaintiff seeks equitable relief stated in the above. Plaintiff seeks other recovery provided by law, in addition to attorney fees paid to decedent attorney in the amount of $43,900.00 fees, and Pro Se fees of $125,000.00 plus taxes, and other costs pursuant to 42 USC § 1988, "Vindication of Civil Rights."

161. Plaintiff request other and further relief as the Court deems just and equitable.

## DECLARATORY RELIEF ALLEGATIONS

1. A present and actual controversy exists between Plaintiff and Defendant concerning their rights and respective duties. Plaintiff contends that Defendant violated 42 USC §1983 and deprived Plaintiff of her Civil Rights and Constitutional Right to a jury trial. Plaintiff alleges Defendant made false statements and committed fraudulent acts that led to public humiliation, shame, and embarrassment, and the Defendant racially discriminated against her due to "ethnicity and religion" to maliciously cause harm to her personal and professional reputation. Plaintiff is informed and believe and thereon allege that the Defendant deny these allegations. Declaratory relief is therefore necessary and appropriate.

humiliation, shame, and embarrassment, and the Defendant racially discriminated against her due to "ethnicity and religion" to maliciously cause harm to her personal and professional reputation. Plaintiff is informed and believe and thereon allege that the Defendant deny these allegations. Declaratory relief is therefore necessary and appropriate.

2.    Plaintiffs seek a judicial declaration pursuant to 42 USC §1988" Vindication of Civil Rights.

## INJUNCTIVE RELIEF ALLEGATIONS

3.    No plain, adequate, or complete remedy at law is available to Plaintiffs to redress the wrongs addressed herein.

4.    If this Court does not grant the injunctive relief sought herein, Plaintiffs will be irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

1.    For a declaration that Defendants' actions, policies, and practices as alleged herein are unlawful;

2.    For injuries sustained that led to Plaintiff's suffering a Serious Impairment of a bodily function, permanent disfigurement, increase in disability, due to Defendant failure to assume responsibility for their insured, and all other compensation denied or lost to Plaintiff by reason of Defendant's unlawful actions, in an amount to be proven at trial;

3.    For lost wages, past, present, and future, and all other compensation denied or lost to Plaintiffs by reason of Defendants' unlawful actions, in an amount to be proven at trial;

4.    For medical expenses, past, present and future.

5.    For compensatory damages for Plaintiffs' emotional pain and suffering, in an amount to be proven at trial;

6.    For punitive damages in an amount to be determined at trial;

7.    For special damages; in an amount to be determined at trial;

8.    For general damages; in an amount to be determined at trial;

9.    For interest on lost wages, compensation, and damages, including pre- and post-judgment interest and an upward adjustment for inflation;

10.   For an order enjoining Defendants from engaging in the unlawful acts complained of herein;

11.   For reasonable attorneys' fees and costs of suit pursuant to 42 U.S.C. and other laws; and

12.   For such other and further relief as this Court deems just and proper.

Dated: March 24, 2022                                Respectfully submitted,

By: _____

## **DEMAND FOR JURY TRIAL**

Plaintiffs demand a jury trial on all causes of action and claims to which they have a right to a jury trial.

Joy Rahaman, MSA, MSW, Pro Se
4208 Bishop St. Detroit, MI 48224
(313) 808-6030
Jbrahaman13@yahoo.com

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| JOY RAHAMAN | STATE FARM MUTUAL INSURANCE COMPANY |

**(b)** County of Residence of First Listed Plaintiff   **WAYNE**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

Case: 4:22-cv-10635
Judge: Davis, Stephanie Dawkins
MJ: Stafford, Elizabeth A.
Filed: 03-24-2022 At 02:51 PM
CMP JOY RAHAMAN V STATE FARM MUTUAL INSUR CO (SS)

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
4208 BISHOP ST. DETROIT, MI 48224
(313) 808-6030

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [x] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [x] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

CIVIL RIGHTS
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

PRISONER PETITIONS

Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
18 USC 1001 FALSE STATEMENTS, FRAUD AND SWINDLE, FRAUD MISREPRESENTATION, GROSS NEGLIGENCE, CONCEALMENT

Brief description of cause:
FRAUDULENT INDUCEMENT OF A LAWSUIT, VIOLATION OF CIVIL RIGHTS, RACIAL DISCRIMINATION, CIVIL CONSPIRACY

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 34,200,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE   JUDGE JUDITH E. LEVY
DOCKET NUMBER   5:20-CV-11628

DATE   March 25, 2022
SIGNATURE OF ATTORNEY OF RECORD   Joy Rahaman   Pro Se.

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## PURSUANT TO LOCAL RULE 83.11

1.        Is this a case that has been previously dismissed?     ☐ Yes
          ☒ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

2.        Other than stated above, are there any pending or previously
discontinued or dismissed companion cases in this or any other
court, including state court? (Companion cases are matters in which
it appears substantially similar evidence will be offered or the same
or related parties are present and the cases arise out of the same
transaction or occurrence.)     ☒ Yes  ☐ No

If yes, give the following information:

Court: Wayne Circuit Court

Case No.: 17-007935 - NI

Judge: David Allen

Notes :