UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JOY RAHAMAN,<br><br>Plaintiff,<br><br>v.<br><br>STATE FARM MUTUAL<br>INSURANCE COMPANY,<br><br>Defendant. | Case No. 22-cv-10635<br>Honorable Stephanie Dawkins Davis<br>Magistrate Judge Elizabeth A. Stafford |

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO STRIKE
AND STRIKING PLAINTIFF'S REPLY (ECF NOS. 9, 12, 13)**

I.      **Introduction**

Plaintiff Joy Rahaman moves to strike Defendant State Farm Mutual

Insurance Company's answer and affirmative defenses.  ECF No. 9.  The

Honorable Stephanie Dawkins Davis referred the motion for a hearing and

determination under 28 U.S.C. § 636(b)(1)(A).  ECF No. 10.  The Court

**DENIES** Rahaman's motion and **STRIKES** her reply brief.

II.      **Background**

This case is about the arbitration and state-court litigation of

Rahaman's no-fault and PIP claims stemming from her car accident in

2016.  Rahaman sues State Farm, the other motorist's insurer, alleging

irregularities in the arbitration and state-court proceedings. *See* ECF No. 1.

In a case pending before the Honorable Judith E. Levy, Rahaman makes

similar allegations against her own insurer, IDS Property Casualty

Insurance Company. *See Rahaman v. Am. Connection Family & Prop.*

*Cas. Ins.*, Case No. 20-cv-11628.[1] A report and recommendation issued in

Judge Levy's case summarizes the state-court and arbitration proceedings:

> In the state first-party PIP proceedings, the parties agreed
> to arbitration, and Plaintiff was given an arbitration award of
> $130,000, in payment of all past, present, and future no-fault
> claims. Defendant moved in state Circuit Court to vacate the
> arbitration award. The Court denied that motion, and granted
> Defendant's motion to confirm the arbitration award. On
> November 24, 2020, the Michigan Court of Appeals affirmed
> the trial court's order. The Court of Appeals rejected the
> Plaintiff's arguments that her attorney did not have authority to
> bind her to the agreement to arbitrate; that the arbitration
> agreement was the product of fraudulent inducement; and that
> the trial court's decision to confirm the arbitration award
> deprived her of her constitutional right to a jury trial.
>
> Plaintiff also settled the third-party negligence case for
> $20,000. Plaintiff cashed the checks for both the PIP and the
> third-party case.

*Id.*, ECF No. 32, PageID.970-971.

Rahaman's complaint here includes a laundry list of sixteen claims,

including violation of her right to a jury trial, civil conspiracy, fraud,

---

[1] Although that case names American Connection as the defendant, IDS is
the proper party. ECF No. 36, PageID.1003.

concealment, violation of the Americans with Disabilities Act, negligence, gross negligence, racial discrimination, defamation, intentional infliction of emotional distress, stalking, and bad faith practices.  ECF No. 1, PageID.19-31.  She claims that State Farm and IDS conspired with her former attorney to defraud her of damages, and to fraudulently initiate and settle the third-party negligence claim without her consent and while concealing information material to the case.  *Id.* at PageID.10, 14-18.  She also claims that Michelle Boedecker, a State Farm attorney, made false and defamatory statements about her.  *Id.* at PageID.13.

Rahaman seeks to strike State Farm's answer and affirmative defenses, arguing that the answers violate Federal Rule of Civil Procedure 8(b).

### III.   Analysis

### A.

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ P. 12(f).  Although considered a drastic remedy that is disfavored, striking a pleading is appropriate to "avoid the expenditure of time and money that must arise from litigating spurious issues."  *Operating Engineers Local 324 Health Care Plan v. G & W Const. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015)

(internal quotation marks omitted).  Thus, "[a] motion to strike should be granted if it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense and are inferable from the pleadings."  *Id.* (internal quotation marks omitted).

**B.**

Rahaman moves to strike "all answers," claiming that State Farm's repeated response that her allegations are "erroneous legal conclusions" is improper under Rule 8(b).  ECF No. 9.  Rule 8(b) permits three possible responses: admissions, denials, or lack of knowledge.  Courts disfavor the practice of declining to respond to allegations that set forth legal conclusions.  *See* 5 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 1261 n.10 (4th ed. 2022) (collecting cases).  But here, State Farm did not decline to respond.  Each time that it stated that Rahaman's allegations set forth legal conclusions, it also denied those allegations as untrue.  *See, e.g.*, ECF No. 6, PageID.44-47.  Thus, State Farm's responses complied with Rule 8(b).

Rahaman also contends that State Farm's remaining responses are "redundant and immaterial" because she has already established her claims and been awarded damages in Judge Levy's case.  ECF No. 9, PageID.82.  That claim is dishonest.  In the case before Judge Levy,

Magistrate Judge R. Steven Whalen entered a recommendation to dismiss Rahaman's first-party PIP claim and her third-party negligence claim. *Rahaman*, Case No. 20-cv-11628, ECF No. 32.  Judge Levy adopted that recommendation.  *Id.* at ECF No. 35.  This Court later recommended that Rahaman's remaining claims be dismissed.  *Id.* at ECF No. 36.  Judge Levy has not yet ruled on Rahaman's objections to that recommendation. ECF No. 38.  Far from having been awarded damages, at least some of Rahaman's claims have been dismissed.

Even if Judge Levy had ruled in favor of Rahaman in the earlier filed action, that ruling would not bind State Farm because it is not a party in that case or in privity with IDS, the defendant there.  *See Rahaman*, Case No. 20-cv-11628, ECF No. 32, PageID.973-974 (describing the doctrine of res judicata as requiring, among other elements, that "both actions involved the same parties or their privies"); ECF No. 36, PageID.1006-1007 (same). Rahaman should well know the elements of res judicata given that, in the case before Judge Levy, many of her claims were dismissed on res judicata grounds because of the final judgment on the merits in the Michigan courts.  *See id.*, ECF No. 36, PageID.1006-1010.

Rahaman's claim that State Farm's responses are redundant or immaterial is both dishonest and frivolous.

## C.

Rahaman also seeks to strike State Farm's affirmative defenses. Rahaman claims that State Farm's first affirmative defense (failure to state a claim) is scandalous.  But this defense merely states that Rahaman's factual allegations, claims, and requests for relief fail to state valid claims. ECF No. 6, PageID.70.  Scandalous material "improperly casts a derogatory light on someone."  5C Federal Practice and Procedure § 1382. Rahaman provides no rationale explaining how this defense is derogatory.

Rahaman argues that State Farm's second (statute of limitations), fourth (no recovery of first-party no-fault benefits), fifth (release), and seventh (offset) affirmative defenses have been adjudicated in Rahaman's favor in Judge Levy's case.  As discussed above, this assertion is dishonest.

State Farm's third affirmative defense asserts that it is not vicariously liable for Ms. Boedecker's actions because she was an independent contractor hired to represent the other motorist in the third-party negligence action and not to represent State Farm.  ECF No. 6, PageID.71-72. Rahaman argues this defense must be struck because State Farm admits that it assumed responsibility for the other motorist.  Although Rahaman may argue that State Farm is vicariously liable for Boedecker, she has not

6

shown "to a certainty" that State Farm is legally unable to prove this defense.  *See Operating Engineers*, 783 F.3d at 1050.

Rahaman claims that State Farm's sixth affirmative defense (accord and satisfaction) is irrelevant to the claims asserted.  State Farm alleges that it fully paid the negotiated settlement to resolve Rahaman's third-party claim against the other motorist and that Rahaman accepted and cashed the settlement check.  ECF No. 6, PageID.72.  If Rahaman seeks to relitigate her third-party claim before this Court, this defense is directly relevant to the case.

In its seventh affirmative defense, State Farm alleges that Rahaman failed to meet the heightened pleading standard for fraud claims under Rule 9(b).  *Id.* at PageID.73.  Rahaman argues that Rule 9(b) does not apply and that she must only make a "short and plain statement" of her claim under Rule 8(a)(1).  She is wrong.  Rule 9(b) applies, requiring a party pleading fraud or mistake to "state with particularity the circumstances constituting fraud or mistake," except that "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally."

Finally, in its ninth affirmative defense, State Farm asserts miscellaneous defenses and disputes some of Rahaman's specific allegations.  Rahaman argues in conclusory fashion that State Farm's

allegations are irrelevant.  ECF No. 6, PageID.73-74.  The Court disagrees,

given that the allegations directly respond to Rahaman's claims and

allegations.

**D.**

Rahaman filed a 19-page reply brief attaching 148 pages of exhibits.

ECF No. 12; ECF No. 13.  In the reply, Rahaman argues that State Farm is

precluded from advancing defenses like those IDS raised in Judge Levy's

case, again mischaracterizing the orders and recommendations issued in

that case.  She also argues the merits of her case.

Beyond the fact that Rahaman's arguments lack merit, the reply is

much too long.  Under the Court's local rules, a reply brief "may not exceed

7 pages," including footnotes and signatures.  E.D. Mich. LR 7.1(d)(3).

Thus, the Court strikes that filing.

## IV.   Conclusion

The Court **STRIKES** Rahaman's reply brief (ECF No. 12; ECF No.

13) and **DENIES** her motion to strike (ECF No. 9).

The Court also **WARNS** Rahaman that her motion to strike violated

Federal Rule of Civil Procedure 11(b).  The motion is frivolous, dishonest,

and wasted judicial resources.  If Rahaman files another pleading, motion,

or other paper that violates Rule 11 or that makes false representations,

she will face sanctions under Rule 11 or the Court's inherent authority, and those sanctions may include the involuntary dismissal of her complaint.


s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge


Dated: May 5, 2022


## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 5, 2022.

<u>s/Marlena Williams</u>
MARLENA WILLIAMS
Case Manager