UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Joy Rahaman,

                Plaintiff,        Case No. 22-10635

v.                                    Judith E. Levy
                                       United States District Judge

State Farm Mutual Insurance
Company,                            Mag. Judge Elizabeth A.
                                       Stafford
              Defendant.

_____/

ORDER GRANTING IN PART AND DENYING IN PART
NON-PARTY MICHAEL LEWIS ROWADY'S
EMERGENCY MOTION TO QUASH SUBPOENA [36, 37]

I.    Background

On or about November 14, 2022, Plaintiff Joy Rahaman attempted to serve non-party Michael Lewis Rowady with a subpoena for a deposition by written questions pursuant to Federal Rules of Civil Procedure 31 and 45. (*See* ECF No. 36, PageID.1207–1210.) According to Rowady, the subpoena was delivered in an envelope to the doorstep of his parents' home where he has not resided for some time. (*See id.* at

PageID.1187–1188.) On November 19, 2022, Rowady filed this emergency motion seeking an order quashing the subpoena, a protective order, and Rule 11 sanctions.[1] (*Id.* at PageID.1186.) Plaintiff filed a response to the motion on November 21, 2022. (ECF No. 38.)

## II.   Analysis

Federal Rule of Civil Procedure 45(b) provides that "[a]ny person who is at least 18 years old *and not a party* may serve a subpoena" and that "[s]erving a subpoena requires delivering a copy *to the named person.*" Fed. R. Civ. P. 45(b)(1) (emphasis added). Plaintiff has failed to comply with either requirement for properly serving Rowady. First, the subpoena suggests that it was served by Plaintiff herself, rather than a non-party. (ECF No. 36, PageID.1209 ("I, Joy Rahaman, Pro Se Plaintiff, served the foregoing document . . . on interested parties in this action by placing a copy thereof in a sealed envelope on November 14, 2022.").) In her response, Plaintiff confirms that she personally attempted to serve the subpoena. (ECF No. 38, PageID.1232 ("Plaintiff served the deposition with a subpoena.").) Second, Plaintiff did not serve the subpoena on

---

[1] Rowady also filed a corrected version of Exhibit A to his motion on November 20, 2022. (ECF No. 37.)

2

Rowady, instead leaving it at an address at which he no longer resides. (ECF No. 36, PageID.1187.) Nor did anyone accept service on Rowady's behalf. (*Id.*) As such, the Court finds that Plaintiff has failed to properly serve Rowady with the subpoena as required under Rule 45(b).[2] Accordingly, the Court grants the motion to the extent it seeks to quash Plaintiff's November 14, 2022 subpoena.

Rowady's motion also requests "a protective order to stop any harassment" of himself or his family. (*Id.*) Under Federal Rule of Civil Procedure 26(c)(1), "any person from whom discovery is sought may move for a protective order" and "the court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "The burden of establishing good cause for a protective order rests with the movant." *Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir. 2001). Moreover, "to justify a protective order, one of Rule 26(c)(1)'s enumerated harms must be illustrated with a particular and specific demonstration of fact, as

---

[2] The Court also notes that Plaintiff's subpoena to Rowady fails to comply with Federal Rule of Civil Procedure 45(a), which requires that "[a] subpoena must issue from the court where the action is pending," and must be issued by the clerk.[2] Fed. R. Civ. P. 45(a)(2)–(3).

3

distinguished from stereotyped and conclusory statements." *Serrano v. Cintas Corp.*, 699 F.3d 884, 901 (6th Cir. 2012) (citations and internal quotations omitted).

Rowady has failed to meet his burden for a protective order.[3] Instead, Rowady's motion relies solely on the type of conclusory statements that are insufficient to meet his burden under Rule 26(c)(1). (*See* ECF No. 36, PageID.1187 (explaining that "the Subpoena was delivered to the doorsteps of the Rowady family home . . . and my family felt threatened intimidated, and harassed by such an act"); *id.* at PageID.1188 (describing "the 'dropping off' of the subpoena on the steps" as threatening and harassing); *id.* ("I do know that other individuals . . . have been harassed and served with documents by Plaintiff Pro Se."); *id.* ("I know that . . . this matter should be put down, dismissed and is frivolous based upon my review of the pleadings.").) Likewise, the fact that Rowady has formed his own law firm does not establish that the proposed twelve-question deposition imposes an undue burden on him. (*See* ECF No. 36, PageID.1188.) *See also Serrano,* 699 F.3d at 901

---

[3] Rowady's motion also fails to "include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action" as required under Rule 26(c)(1).

(explaining that a corporate officer's "bald assertion that being deposed would present a substantial burden" did not satisfy Rule 26(c)(1)). Accordingly, the Court denies Rowady's motion without prejudice to the extent it seeks a protective order.

Finally, Rowady seeks Rule 11 sanctions against Plaintiff, including "monetary sanctions for time spent writing this motion and involuntary dismissal of this frivolous action." (ECF No. 36, PageID.1189.) However, Rowady's request is improper because "[a] motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)."[4] Fed. R. Civ. P. 11(c)(2). Accordingly, the Court denies Rowady's motion to the extent it seeks Rule 11 sanctions.

### III. Conclusion

For the reasons set forth above, Rowady's motion (ECF Nos. 36, 37) is GRANTED IN PART AND DENIED IN PART.

The Court GRANTS Rowady's motion to the extent it seeks to quash Plaintiff's November 14, 2022 subpoena. If Plaintiff wishes to pursue a

---

[4] For this same reason, the Court declines to consider Plaintiff's demand that this Court impose a $1,000 fine on Defendant's counsel for allegedly granting Rowady concurrence to file this motion. (ECF No. 38, PageID.1232, 1235.)

5

written deposition from Rowady, she must properly serve him with a subpoena in compliance with Federal Rule of Civil Procedure 45 and all other applicable federal and local rules.[5] If so desired, Rowady may file a further motion to quash any properly served subpoena from Plaintiff.

The Court DENIES Rowady's motion WITHOUT PREJUDICE to the extent it seeks a protective order under Rule 26(c)(1).

The Court DENIES Rowady's motion to the extent it seeks Rule 11 sanctions against Plaintiff.

IT IS SO ORDERED.

Dated: November 30, 2022         s/Judith E. Levy
Ann Arbor, Michigan              JUDITH E. LEVY
                                 United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 30, 2022.

                                 s/William Barkholz
                                 WILLIAM BARKHOLZ
                                 Case Manager

---

[5] Pursuant to Rule 45(b)(1), Plaintiff may not serve Rowady herself. Additionally, Plaintiff should make every effort to have any further subpoena served on Rowady at his business address: 152 Ardmore Drive, Ferndale, MI 48220.