UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Joy Rahaman,

                Plaintiff,        Case No. 22-10635

v.                                  Judith E. Levy
                                       United States District Judge

State Farm Mutual Insurance
Company,                          Mag. Judge Elizabeth A.
                                       Stafford
                Defendant.

_____/

OPINION AND ORDER OVERRULING PLAINTIFF'S
OBJECTIONS [16] TO MAGISTRATE JUDGE STAFFORD'S
OPINION AND ORDER DENYING PLAINTIFF'S
<u>MOTION TO STRIKE [14]</u>

Before the Court are Plaintiff Joy Rahaman's objections (ECF No. 16) to Magistrate Judge Elizabeth A. Stafford's Opinion and Order (ECF No. 14) denying Plaintiff's motion to strike Defendant State Farm Mutual Insurance Company's answers and affirmative defenses. (ECF No. 9.) For the reasons set forth below, Plaintiff's objections are overruled.

I.  **Background**

This case is part of continuing litigation over a September 2016 car accident involving Plaintiff and her subsequent disputes with the relevant first-party and third-party insurers.[1] In March 2022, Plaintiff filed a sixteen-count complaint against Defendant State Farm, the insurer of the other car involved in her 2016 accident. (*Id.*) On April 15, 2022, Defendant filed an answer with affirmative defenses. (ECF No. 6.) Three days later, Plaintiff filed a motion to strike Defendant's answers and affirmative defenses. (ECF No. 9.) The motion was referred to Judge Stafford for resolution. (ECF No. 10.) Defendant filed a response (ECF No. 11), and Plaintiff replied. (ECF Nos. 12, 13.) On May 5, 2022, Judge Stafford issued an Opinion and Order denying the motion to strike and striking Plaintiff's reply brief for failing to comply with Eastern District of Michigan Local Rule 7.1(d)(3). (ECF No. 14.) Plaintiff timely filed

---

[1] The Court recently dismissed Plaintiff's related federal case against her first-party insurer. *See Rahaman v. Am. Connect Fam. Prop. & Cas. Ins.*, No. 20-11628, 2022 WL 4596305 (E.D. Mich. Sept. 30, 2022) (Levy, J.). In its briefing, the defendant in that case indicated that it was properly identified as "IDS Property Casualty Insurance Company." *Id.* at *1 n.1. However, consistent with the case caption, the Court will refer to that case here as "*American Connect*."

2

thirteen objections to the Opinion and Order on May 10, 2022. (ECF No. 16.) Defendant responded on May 23, 2022. (ECF No. 19.)

## II. Legal Standard

Under Federal Rule of Civil Procedure 72(a), a party may object to a magistrate judge's order on non-dispositive motions within fourteen days of being served a copy of the order. "Objections under Fed. R. Civ. P. 72 must: (A) specify the part of the order, proposed findings, recommendations, or report to which a person objects; and (B) state the basis for the objection." E.D. Mich. LR 72.1(d)(1). "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "Objections that restate arguments already presented to the magistrate judge are improper, as are those that are vague and dispute the general correctness of the magistrate judge's order." *Howard v. Mackrel*, No. 19-11794, 2022 WL 1978750, at *2 (E.D. Mich. June 6, 2022) (citations omitted). "[A]n objection that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in the context of Federal Rule of Civil Procedure 72." *Brown*

3

*v. City of Grand Rapids*, No. 16-2433, 2017 WL 4712064, at *2 (6th Cir. June 16, 2017) (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)).

### III. Analysis

#### a. Requests for Recusal of Magistrate Judge Stafford

As an initial matter, Plaintiff objects to Judge Stafford's assignment to this case and requests that she be removed pursuant to 28 U.S.C. § 455 and *Marshall v. Jerrico, Inc.*, 446 U.S. 238 (1980). (ECF No. 16, PageID.383–386.) She accuses Judge Stafford of demonstrating personal bias and criticizes her rulings and conduct in *American Connect*. (*Id.*) Plaintiff's objection is improper. This issue was not part of the Order on Plaintiff's motion to strike and therefore is not properly before this Court. Even if the issue was properly raised, the Court previously held that Judge Stafford's conduct in *American Connect* does not establish personal bias or prejudice against Plaintiff. *See Am. Connect*, 2022 WL 4596305, at *7. Plaintiff fails to provide any additional facts that demonstrate bias or prejudice by Judge Stafford. This objection to Judge Stafford's assignment is therefore overruled.

### b. Objection 1

Turning to Plaintiff's enumerated objections, Objection 1 protests Judge Stafford's decision to strike Plaintiff's nineteen-page reply brief and the associated exhibits for failing to comply with Eastern District of Michigan Local Rule 7.1(d)(3). (ECF No. 16, PageID.386; *see also* ECF No. 14, PageID.290.) Plaintiff asserts that she should have been given "leniency" because she is pro se and then spends several pages recounting numerous filings from *American Connect* in support of her reply. (*See* ECF No. 16, PageID.386–391.) Judge Stafford did not err in striking Plaintiff's reply. The brief was plainly in excess of the page-limits set forth in the Eastern District of Michigan's Local Rules, and Plaintiff has been representing herself in this Court pursuant to those rules since June 2020. Moreover, Judge Stafford's order makes clear that she considered the arguments in Plaintiff's reply and found them unpersuasive. (ECF No. 14, PageID.290 ("In the reply, Rahaman argues that State Farm is precluded from advancing defenses like those [the defendant] raised in [*American Connect*], again mischaracterizing the orders and recommendations issued in that case. She also argues the merits of her case.").) The Court has also reviewed Plaintiff's reply and

determined that nothing in the reply would impact the conclusions in Judge Stafford's Opinion and Order. Objection 1 is therefore overruled.

### c. Objection 2

Plaintiff next objects to Judge Stafford's statement that "Rahaman's complaint here includes a laundry list of sixteen claims." (ECF No. 16, PageID.391 (quoting ECF No. 14, PageID.284).) She asserts that "Judge Stafford['s] statement shows bias and prejudice against the plaintiff['s] substantive rights to a fair and impartial judge." Plaintiff's objection is improper as it does not address any specific legal conclusion in Judge Stafford's Opinion and Order. Moreover, "laundry list" simply means "a usually long list of items." Laundry List, Merriam-Webster, https://www.merriam-webster.com/dictionary/laundry%20list (last accessed Nov. 29, 2022.) Nothing about this statement is pejorative nor suggests bias or prejudice by Judge Stafford. Objection 2 is therefore overruled.

### d. Objections 3 and 12

In Objections 3 and 12, Plaintiff protests Judge Stafford's references to the defendant in *American Connect* as "IDS." (*See* ECF No. 16, PageID.391, 395.) These objections are improper as they have no

6

bearing on the outcome of Plaintiff's motion to strike or any of Judge Stafford's legal analysis in the Opinion and Order. Nor do these references to IDS demonstrate any bias or prejudice by Judge Stafford. Objections 3 and 12 are therefore overruled.

### e. Objection 4

Objection 4 challenges Judge Stafford's refusal to strike "all answers" by State Farm that allege Plaintiff's complaint asserts "erroneous legal conclusions." (*See* ECF No. 16, PageID.392; *see also* ECF No. 14, PageID.286.) Plaintiff's objection is without merit. As Judge Stafford correctly explained: "Courts disfavor the practice of declining to respond to allegations that set forth legal conclusions. But here, State Farm did not decline to respond. Each time that it stated that Rahaman's allegations set forth legal conclusions, it also denied those allegations as untrue." (ECF No. 14, PageID.286.) Plaintiff's assertion that State Farm, which was not a party in *American Connect*, is bound under equitable estoppel by the defendant's answers and affirmative defenses in that case is likewise without merit. Objection 4 is therefore overruled.

### f. Objections 5 and 6

Objections 5 and 6 take issue with Judge Stafford's statements that "[this] Court later recommended that Rahaman's remaining claims [in *American Connect*] be dismissed" and that "many of [Plaintiff's] claims [in *American Connect*] were dismissed on res judicata grounds because of the final judgment on the merits in the Michigan Court[s]." (ECF No. 16, PageID.392–393 (quoting ECF No. 14, PageID.287).) Plaintiff asserts that these statements are false and demonstrate bias and prejudice. (*Id.*) But Judge Stafford accurately summarize her Report and Recommendation in *American Connect*, which this Court subsequently adopted in relevant part. *See Am. Connect*, 2022 WL 4596305, at *3–7. Moreover, nothing in these statements demonstrate bias or prejudice by Judge Stafford. Objections 5 and 6 are therefore overruled.

### g. Objection 7

Plaintiff next takes issue with Judge Stafford's refusal to strike State Farm's first affirmative defense (failure to state a claim) as "scandalous" because Plaintiff offered "no rationale explaining how this defense is derogatory." (ECF No. 16, PageID.393 (quoting ECF No. 14, PageID.288).) In her objections, Plaintiff states only that she "do[es] have

8

a Statement of Claim for Relief in her initial complaint." (*Id.*) There is nothing improper or scandalous about State Farm's defense, which is expressly recognized in the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 12(b). Moreover, Plaintiff has not demonstrated with certainty that Defendants cannot succeed on this claim. *See Operating Eng'rs Local 324 Health Care Plan v. G&W Constr. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015). Objection 7 is therefore overruled.

### h. Objection 8

In Objection 8, Plaintiff again asserts that Judge Stafford has demonstrated bias and prejudice (ECF No. 16, PageID.393–394), pointing to the following paragraph in the Opinion and Order:

> Rahaman argues that State Farm's second (statute of limitations), fourth (no recovery of first-party no-fault benefits), fifth (release), and seventh (offset) affirmative defenses have been adjudicated in Rahaman's favor in Judge Levy's case. As discussed above, this assertion is dishonest.

(ECF No. 14, PageID.288.) Once more, Plaintiff's objection is improper because it does not explain how Judge Stafford made a legal error in refusing to strike these defenses. Nor is this statement evidence of bias or prejudice. Earlier in her Opinion and Order, Judge Stafford explained:

> Rahaman also contends that State Farm's remaining responses are "redundant and immaterial" because she has

9

> already established her claims and been awarded damages in [the *American Connect*] case. That claim is dishonest. In [that] case before Judge Levy, Magistrate Judge R. Steven Whalen entered a recommendation to dismiss Rahaman's first-party PIP claim and her third-party negligence claim. Judge Levy adopted that recommendation. . . . Far from having been awarded damages, at least some of Rahaman's claims have been dismissed.

(*Id.* at PageID.286–287 (citations omitted).) As Judge Stafford correctly identified, Plaintiff's motion to strike misreads the prior orders in *American Connect*. While Plaintiff may not have had any ill intent in this misreading,[2] the undersigned agrees with Judge Stafford that Plaintiff's representations about these orders were not forthright. Objection 8 is therefore overruled.

### i. Objection 9

Plaintiff next objects to Judge Stafford's refusal to strike State Farm's third defense, in which it disclaims vicarious liability for the conduct of attorney Michelle Boedecker. (*See* ECF No. 16, PageID.394 (quoting ECF No. 14, PageID.288).) This objection is based entirely on

---

[2] This Court had previously refused to impose sanctions based on Plaintiff's mistaken beliefs regarding these orders. *See Am. Connect*, 2022 WL 4596305, at *8 ("Plaintiff's filings evidence a mistaken belief that Judge Stafford had misinterpreted Judge Whalen's R&R and the Court's previous ruling on summary judgment[.]"). However, further misrepresentations about these rulings by Plaintiff may result in appropriate sanctions.

10

Plaintiff's misreading of the decisions in *American Connect*. (*See id*.) But Judge Stafford correctly concluded that Plaintiff has not shown with certainty that State Farm cannot prove this defense. (*See* ECF No. 14, PageID.288–289 (citing *Operating Eng'rs*, 783 F.3d at 1050).) Objection 9 is therefore overruled.

### j. Objection 10

Objection 10 challenges Judge Stafford's refusal to strike State Farm's sixth defense (accord and satisfaction) as irrelevant. (*See* ECF No. 16, PageID.394; *see also* ECF No. 14, PageID.289.) This objection is improper and without merit. While Plaintiff objects to Judge Stafford's statement that "[i]f Rahaman seeks to relitigate her third-party claim before this Court, this defense is directly relevant to the case," she fails to articulate how Judge Stafford erred. (ECF No. 16, PageID.394.) Instead, Plaintiff asserts only that "[she] seeks to only litigate [sic] what has not already been litigated and is not under the final order by Judge Levy" in *American Connect*. (*Id*.) But Plaintiff's complaint expressly seeks recovery for damages resulting from the 2016 accident itself. (*See, e.g.*, ECF No. 1, PageID.26–27, ¶¶ 135–36). As such, State Farm's defense that any such claims have already been resolved via a prior settlement

11

for the 2016 accident is directly relevant to this case. (*See* ECF No. 6, PageID.72–73.) Objection 10 is therefore overruled.

### k. Objection 11

Plaintiff next objects to the application of Federal Rule Civil Procedure 9(b), which requires her fraud claims to be pled with particularity. (*See* ECF No. 16, PageID.395 (quoting ECF No. 14, PageID.289).) In support of her objection, she points to an excerpted page from a pro se litigation manual and to her response to the defendant's motion to dismiss in *American Connect*. (*Id.*) But Plaintiff's pro se status does not excuse Rule 9(b)'s requirement that her claims of fraud be alleged with particularity. *See, e.g.*, *Berry v. Main St. Bank*, 977 F. Supp. 2d 766, 775 (E.D. Mich. 2013) (applying Rule 9(b) to a pro se plaintiff's complaint); *Cooper v. Team Wellness (Mental Health) Servs. Supervisor*, No. 18-1162, 2018 WL 7360647, at *2 (6th Cir. Oct. 11, 2018) (same). And her filings in *American Connect* cannot satisfy her pleading obligations in this case. As such, Judge Stafford did not err in holding that Rule 9(b) applies to Plaintiff's fraud claims. *See SFS Check, LLC v. First Bank of Del.*, 774 F.3d 351, 358 (6th Cir. 2014) (applying Rule 9(b) to fraud claims under Michigan law). Objection 11 is therefore overruled.

### l. Objection 13

Finally, Rahaman objects to the May 5, 2022 motion to consolidate this case made by the defendant in *American Connect*. This is not a proper objection as it is not a part of Judge Stafford's Opinion and Order on Plaintiff's motion to strike. Moreover, the motion to consolidate was denied as moot on October 5, 2022 after this Court dismissed the remaining claims in *American Connect*. Objection 13 is therefore overruled.

## IV. Conclusion

For the reasons set forth above, Plaintiff's objections (ECF No. 16) to Judge Stafford's May 5, 2022 Opinion and Order (ECF No. 14) denying Plaintiff's motion to strike (ECF No. 9) are OVERRULED.

IT IS SO ORDERED.

Dated: November 30, 2022           s/Judith E. Levy
Ann Arbor, Michigan            JUDITH E. LEVY
                                           United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 30, 2022.

                                      s/William Barkholz
                                      WILLIAM BARKHOLZ
                                      Case Manager