**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

JOY RAHAMAN,

                Plaintiff,            Case No. 5:22-cv-10635

v.                                 Hon. Judith E. Levy

                                    Magistrate Judge Elizabeth A. Stafford

STATE FARM MUTUAL
INSURANCE COMPANY,

                               **MOTION TO QUASH**

               Defendant.

---

| **JOY RAHAMAN, In Pro Per** | **CARY R. BERLIN (P64122)** |
|---|---|
| 4208 Bishop Street | **AMY L. WILLE (P68360)** |
| Detroit, Michigan 48224 | **PATRICK, JOHNSON & MOTT, P.C.** |
| (313) 808-6030 | Attorneys for Defendant |
| jbrahaman13@yahoo.com | 70 Macomb Place, Suite 224 |
| | Mt. Clemens, Michigan 48043 |
| | (248) 356-8590 |
| | cberlin@pjmpc.com |

---

## NON-PARTY SPINE SPECIALISTS OF MICHIGAN'S EMERGENCY MOTION TO QUASH PLAINTIFF'S NUMEROUS SUBPOENAS

    NOW COMES, Intervening Party, Spine Specialists of Michigan, by and through their attorneys, TANOURY, NAUTS, McKINNEY & DWAIHY, PLLC, and for their Motion to Quash Plaintiff's Numerous Subpoenas, state as follows:

    This specific action is brought by Joy Rahaman against State Farm Mutual Insurance Company. However, this action is just one in a string of suits that have been filed since approximately 2017. Intervenor, Spine Specialists of Michigan, has become the most recent link in this chain, following the filing of a complaint in this

1

Court under case number 5:22-cv-12349-JEL-EAS. Overtime, Ms. Rahaman's conduct has become increasingly harassing, malicious and deceitful. Counsel understands that these are strong words, but there is no other manner in which to describe the chain of events that lay before this Court.

Recently, Ms. Rahaman appears to have taken the affirmative step of forging fake emails and attaching them to her Joint Discovery Plan as Exhibit B in this matter. (ECF No. 26-1 PageID. 051-1053). Those emails were also attached to the Complaint in Intervenor's action. (5:22-cv-12349-JEL-EAS. ECF No. 1-1, PageID. 48-50). The alleged originator of these emails, Michele Boedeker, has filed affidavits in both actions vehemently denying the authenticity of same. (Please see ECF No. 39-6, PageID.1411-1416 and Exhibit E). This is just one demonstration of Plaintiff's increasingly harassing and meritless intentions.

Most recently, between November 1, and November 11, 2022, Ms. Rahaman mailed five subpoenas under this case number directed at Spine Specialists of Michigan (SSM); Dr. Louis Radden, owner of SSM; Dr. Radden's mother, Carol Mahone; and Dr. Michael Bagley, DO. (Exhibit A, pp 1-5).  Federal Rule of Civil Procedure 45(b) provides that "[a]ny person who is at least 18 years old and not a party may serve a subpoena" and that "[s]erving a subpoena requires delivering a copy to the named person." Fed. R. Civ. P. 45(b)(1). Plaintiff failed to comply with Fed. R. Civ. P. 45(b)(1) as these subpoenas were not delivered to Dr. Bagley and

2

Ms. Mahone, and instead were sent to SSM and nonparty Specialty Surgical Center who does not employ Dr. Bagley. Because Ms. Mahone and Dr. Bagley were not properly served, their subpoenas should be quashed.

In addition to issues with service, these subpoenas make overbroad and harassing demands for privileged, confidential, and irrelevant information, and otherwise requests records that are believed to either already be in her possession or do not exist. Plaintiff also included demands for a deposition by written questions for Dr. Bagley, Dr. Radden and his mother, Ms. Mahone, which go beyond asking merely irrelevant, privileged, and overbroad questions, and specifically include frivolous and harassing questions. (Exhibits D, C, and B). For example, Dr. Radden was asked "[w]as your mother using your medical office to target single women and single mothers for a human sex trafficking ring." (Exhibit C, ¶ 80). Ms. Rahaman also asked Dr. Radden's mother, Ms. Mahone, if she had posted information, sent, or received messages about her on a pornographic website, "Only Fans". (Exhibit B ¶¶ 12-13). As of this morning, SSM received written questions to Dr. Bagley that are similarly irrelevant and harassing. For example, "[i]t's obvious you, Michelle, and Aaron have severe control issues. Are you a pedophile and do you go from state-to-state abusing kids and single women since you are associated with multiple physician practices in California, Arizona, and Colorado?"; and "[d]o you, Michelle, or Aaron own and/or operate a pedophile ring?" (Exhibit D, ¶ 71).

Under Fed. R. Civ. P. 45(d)(3)(A)(iii) & (iv), a court is required to quash or modify a subpoena that requires disclosure of privileged or other protected matter or subjects a person to undue burden. Additionally, the material sought in the subpoena must satisfy the requirements of discovery under Fed R. Civ. P 26. *Hendricks v Total Quality Logistics, LLC,* 275 FRD 251, 253 (SD Ohio, 2011). Plaintiff's five subpoenas are either overbroad, irrelevant, harassing, seek privileged materials, or some combination thereof, thereby rendering the demands outside the scope of discovery under Fed R. Civ. P 26(b). Accordingly, under the Court's holding in *Hendricks,* supra, Plaintiff's five subpoenas are ripe to be quashed by this Court under Fed. R. Civ. P. 45(d)(3)(A)(iii) & (iv). Therefore, Spine Specialists of Michigan, respectfully requests that, pursuant to Fed. Civ. P. 45(d), this Honorable Court quash Plaintiff's quash Plaintiff's five subpoenas issued to Dr. Louis Radden; Carol Mahone; Dr. Michael Bagley, DO; and Spine Specialists of Michigan.

Respectfully submitted,

TANOURY, NAUTS, MCKINNEY & DWAIHY, PLLC

BY: */s/ Cullen B. McKinney*
CULLEN B. McKINNEY (P49757)
Attorney for Spine Specialists of MI
38777 Six Mile Road, Suite 101
Livonia, MI 48152
(313) 964-4500

DATED: December 1, 2022

4

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

JOY RAHAMAN,

       Plaintiff,

v.

STATE FARM MUTUAL
INSURANCE COMPANY,

       Defendant.

Case No. 5:22-cv-10635
Hon. Judith E. Levy
Magistrate Judge Elizabeth A. Stafford

**SUPPORTING BRIEF TO
MOTION TO QUASH**

| | |
|---|---|
| **JOY RAHAMAN, In Pro Per** | **CARY R. BERLIN (P64122)** |
| 4208 Bishop Street | **AMY L. WILLE (P68360)** |
| Detroit, Michigan 48224 | **PATRICK, JOHNSON & MOTT, P.C.** |
| (313) 808-6030 | Attorneys for Defendant |
| jbrahaman13@yahoo.com | 70 Macomb Place, Suite 224 |
| | Mt. Clemens, Michigan 48043 |
| | (248) 356-8590 |
| | cberlin@pjmpc.com |

## BRIEF IN SUPPORT OF SPINE SPECIALISTS OF MICHIGAN'S
## MOTION QUASH PLAINTIFF'S NUMEROUS SUBPOENAS

## PROOF OF SERVICE

## EXHIBITS

## <u>CONCISE STATEMENT OF ISSUES PRESENTED</u>

1. Whether Spine Specialists of Michigan may quash Plaintiff's Subpoena issued to Spine Specialist of Michigan for including overbroad and irrelevant requests, seeking protected information, and records that either do not exist or are already in her possession. (Exhibit A, p 1)

    Specialists of Michigan's Answer:              YES.

2. Whether Spine Specialists of Michigan may quash Plaintiff's additional Subpoena to Spine Specialists of Michigan for including vague, overbroad requests for medical records that are believed to be already in her possession. (Exhibit A, p 2.)

    Spine Specialists of Michigan's Answer:     YES.

3. Whether Spine Specialists of Michigan may quash Plaintiff Subpoena for a deposition issued to Dr. Michael Bagley, DO, as Dr. Bagley is not referenced in the Complaint and he could have no potential information that would be relevant to Plaintiff's Specific Claims against Defendant State Farm in this matter, and the deposition would be used as an opportunity to harass him.

    Spine Specialists of Michigan's Answer:     YES.

4. Whether Spine Specialists of Michigan may quash Plaintiff's Subpoena for written questions for Carol Mahone, as the questions seek protected information that would be used to harass her and provide no potential relevancy to Plaintiff's Claim against State Farm.

    Spine Specialists of Michigan's Answer:     YES.

5. Whether Spine Specialists of Michigan may quash Plaintiff's Subpoena for written questions for Dr. Louis Radden as the questions seek protected information that would be used to harass him and others, and provide no potential relevancy to Plaintiff's Claim against State Farm.

    Spine Specialists of Michigan's Answer:     YES.

## <u>STATEMENT OF CONTROLLING/MOST APPROPRIATE AUTHORITY</u>

Cases:

- *Hendricks v Total Quality Logistics, LLC*, 275 FRD 251, (SD Ohio, 2011)

- *State Farm Mut Auto Ins Co v Warren Chiropractic & Rehab Clinic, PC,* 315 FRD 220, (ED Mich, 2016)

- *Ward v Am Pizza Co*, 279 FRD 451, (SD Ohio, 2012)

- *Kallstrom v. City of Columbus*, 136 F.3d 1055 (1998)

- *Oppenheimer Fund, Inc. v Sanders*, 437 U.S. 340 (1978)

Rules:
- Fed. R. Civ. P. 45(d)

- Fed. R. Civ. P. 45(b)

- Fed R. Civ. P 26(b)

- Fed. R. Civ. P. Rule 24(a)

# I.

## RELEVANT FACTUAL BACKGROUND

On March 24, 2022, Plaintiff filed the Complaint in this matter raising several allegations against State Farm Mutual Insurance Company, hereafter "State Farm". (ECF No. 1). Spine Specialists of Michigan, hereafter "Intervenor", was referenced in the factual allegations of the Complaint once in passing:

> At all material times, on March 28, 2017, Plaintiff sent Spine Special of Michigan an email through her Escribe medical records account citing she was not on these medications. (ECF No. 1, ¶ 43).

The remainder of the Complaint asserts sixteen counts against Defendant State Farm. (ECF No. 1) as follows:

1. A claim that Defendant violated Plaintiff's right to a **jury trial** (¶ 95);

2. A **civil conspiracy claim** that Defendant had a conflict of interest in a prior related matter 5:20-cv-11628 (¶ 98);

3. A **fraud and false statements claim** stating that Defendant initiated a fraudulent third-party complaint in the Wayne County Circuit Court (¶104);

4. A **fraudulent misrepresentation claim** for acts of omissions, alteration, fictitious filings, and false statements led to a settlement contract (¶109);

5. A **concealment claim** under 18 USC §207, Restrictions on former officers, employees, and elected officials of the executive and legislative branches  (¶112);

6.  A claim for **fraudulent inducement of a contract** (*Id.* at p 23);

7. A **claim under 42 U.S. Code § 12102(2)(3) - Definition of disability**, for Defendant refused to take responsibility for the hit and run driver who caused the accident (*Id.* at p 17, ¶ 123)

8

8. A **separate claim for violation of persons with disability under 42 USC §12102**, stating Defendant denied Plaintiff the opportunity to pursue the third-party benefits in which she was entitled after they "allegedly" assumed responsibility for this drunk driver (¶¶ 125, 126);

9. **A negligence claim** (¶129);

10. **A gross negligence claim** alleging Defendant's negligence is seen as "reckless behavior with a willful disregard for the safety of other human beings or property, the insurer had "disregard or indifference shown to the rights of others, and no concern for whether an injury would result (¶ 133);

11. **A racial discrimination claim** stating that State Farm Mutual Insurance Company discriminated against me because I am black with a Muslim last name (¶139);

12. **An intentional misconduct claim under 42 USC § 1791, the Bill Emerson Good Samaritan Food Donation Act**, stating that Defendant intentionally falsified lab results and medications which indicates the Plaintiff is HIV positive. The Defendant put a tracker on Plaintiff's truck in 2016 and has been "drone stalking" her ever since over the past 5 years (¶142);

13. **A defamation claim** that State Farm Mutual Insurance Company libel, slander, and malicious gossip about the Plaintiff being "HIV positive, used drugs, had mental health issues and a criminal record (¶145);

14. **An intentional infliction of emotional distress claim**, stating that State Farm Mutual Insurance Company caused Plaintiff severe mental and emotional distress when they alleged, Plaintiff was "HIV positive, used drugs, had mental health issues, and a criminal record". Plaintiff was extremely overwhelmed emotionally when she found this email in her PIP file (¶149);

15. **A stalking claim** that State Farm Mutual Insurance Company put a tracker on her vehicle and has been "inappropriately" droned stalking Plaintiff over the past five years to date, because she is black with a Muslim last name and single (¶152); and

16. **A bad faith practices claim**, stating that, because Defendant's insured is a "white female who had a history DUI's, license suspensions, hit

and runs," and the Plaintiff is black with a Muslim last name, they intentionally demoralized and assassinated the Plaintiff's character to make her look worse than the white female driver who hit and ran, to avoid assuming responsibility. Plaintiff alleges Defendant filed a third-party lawsuit and settled it while the Plaintiff was still undergoing treatment without her knowledge (¶155).

On November 1, 2022, Plaintiff personally mailed three subpoenas in this matter. The first two subpoenas were directed to Spine Specialist of Michigan. (Exhibit A, pp 1, 2). The third subpoena was directed at Dr. Michael Bagley and demanded that he appear for a deposition on December 1, 2022. (Exhibit A, p 3). On November 11, 2022, Plaintiff personally mailed an additional two subpoenas under this case number directed at Dr. Louis Radden and his mother, Carol Mahone, demanding that they appear for a deposition on December 15, 2022, at which time they will be deposed by written questions. (Exhibit A, pp 4, 5). The content of these subpoenas can be divided into three categories, a request for personnel files including an employment contract, a request for medical records, and a request for depositions.

## II.

## LAW

Under Fed. R. Civ. P. 45(d)(3)(A)(iii) & (iv), a court is required to quash or modify a subpoena that requires disclosure of privileged or other protected matter, if no exception or waiver applies, or subjects a person to undue burden. However,

the material sought in the subpoena must satisfy the requirements of discovery under

Fed R. Civ. P 26.

> "Rule 45 does not list irrelevance or overbreadth as reasons for quashing a subpoena. Courts, however, have held that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26." *Barrington* [*v Mortage IT, Inc*, (SD Fla, December 10, 2007)] WL 4370647 at *3. Rule 26(b)(1) provides in relevant part that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense... See also *Transcor, Inc. v. Furney Charters, Inc*., 212 F.R.D. 588, 591 (D.Kan.2003) ("It is well settled, however, that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26(b).... Thus, the court must examine whether a request contained in a subpoena duces tecum is overly broad or seeking irrelevant information under the same standards set forth in Rule 26(b) and as applied to Rule 34 requests for production.") [*Hendricks v Total Quality Logistics, LLC,* 275 FRD 251, 253 (SD Ohio, 2011).]

This has also been addressed by the Court following the 2015 changes to the

proportionality requirement Fed R. Civ. P 26.

> A subpoena to a third party under Rule 45 is subject to the same discovery limitations as those set out in Rule 26." *United States v. Blue Cross Blue Shield of Michigan*, No. 10-14155, 2012 WL 4513600, at *5 (E.D. Mich. Oct. 1, 2012)..."Rule 26 was amended in 2015 to include the 'proportionality' requirement. However, the 2015 amendments do not alter the basic tenet that Rule 26 is to be liberally construed to permit broad discovery." *Rui He v. Rom*, No. 1:15-CV-1869, 2016 WL 909405, at *2 (N.D. Ohio Mar. 10, 2016). "Although Rule 26(b) applies equally to discovery of nonparties, the fact of nonparty status may be considered by the court in weighing the burdens imposed in the circumstances." *Katz v. Batavia Marine & Sporting Supplies, Inc.*, 984 F.2d 422, 424 (Fed. Cir. 1993). [*State Farm Mut Auto Ins Co v Warren Chiropractic & Rehab Clinic, PC,* 315 FRD 220, 222 (ED Mich, 2016).]

Furthermore, "the Court has the duty to deny discovery directed to matters not legitimately within the scope of Rule 26, and to use its broad discretionary power to protect a party or person from harassment or oppression that may result even from a facially appropriate discovery request." *Ward v Am Pizza Co*, 279 FRD 451, 458 (SD Ohio, 2012).

Here, Intervenor submits that it has proper standing to challenge Plaintiff's five subpoenas discussed in this motion pursuant to Rule 24 of the Federal Rules of Civil Procedure. A movant may seek to intervene as a matter of right if its interest is not adequately represented by any of the existing parties and the disposition of an issue would impair movant's ability to protect its interest thereafter. Fed. R. Civ. P. Rule 24(a)(1). See also *Hendricks,* supra, at 253 n1, citing *Barrington v. Mortage IT, Inc.*, 2007 WL 4370647, at * 2 (S.D.Fla. Dec. 10, 2007).

Additionally, although as a general proposition "[t]he party seeking to quash a subpoena bears the ultimate burden of proof... but 'when relevancy is not apparent on the face of the request, the party seeking the discovery has the burden to show the relevancy of the request.' " *Id.* at 253, citing *White Mule Co. v. ATC Leasing Co. LLC*, 2008 WL 2680273, at *4 (N.D.Ohio June 25, 2008) and *Transcor, Inc.*, 212 F.R.D. at 591. Accordingly, in this matter Plaintiff has this burden of demonstrating relevancy, as relevancy is not apparent on the face of the requests, they seek information already believed to be in her possession, or else ask harassing questions

or seek privileged and confidential information which will be used to inflict further

harassment on Dr. Louis Radden; his mother, Carol Mahone; Dr. Michael Bagley,

DO; Spine Specialists of Michigan; and others.

## III.

## ARGUMENT

### A.    First Category of Subpoenas

On November 1, 2022, Plaintiff personally mailed three subpoenas in this

matter. The first two subpoenas were directed to Spine Specialist of Michigan, and

sought the production of:

- "a complete copy of Shelly RN, Carol Mahone, and Dr. Michael Bagley personnel files. A copy of all medication orders prescribed for Joy Rahaman by Dr. Michael Bagley, specifically Zerit and folic acid, copies of all MRI reports ordered by Dr. Michael Bagley For Joy Rahaman and a copy of SSM business contract with Dr. Bagley." (Ex A, p 1).

- "A copy of Dr. Bagley history and physical for Joy Rahaman" (Ex A, p 2).

The first category of subpoena demands relating to the personnel files of

"Shelly RN," Carol Mahone, and Dr. Michael Bagley, as well as Dr. Bagley's

employment contract, are all irrelevant and privileged and therefore outside the

scope of Fed R. Civ. P 26(b), which provides:

> parties may obtain discovery regarding any nonprivileged matter that is
> relevant to any party's claim or defense and proportional to the needs
> of the case, considering the importance of the issues at stake in the
> action, the amount in controversy, the parties' relative access to relevant
> information, the parties' resources, the importance of the discovery in
> resolving the issues, and whether the burden or expense of the proposed

discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Here, much of the information in the requested personnel files will include personal information, such as address history, phone numbers, financial information, and this information is privileged and not subject to production. In *Kallstrom v. City of Columbus*, 136 F.3d 1055 (1998), the court found that disclosure of the officers' "addresses, phone numbers, and driver's licenses and the officers' families' names, addresses, and phone numbers" would increase the risk of harm to the officers and their families. *Id*. at 1067.

In the instant matter, production of personnel files and employment contracts would only serve to allow greater harassment, and would place the families of these individuals at greater risk of harm. "[D]iscovery should be denied when a party's aim to delay bringing a case to trial, or embarrass or harass the person from whom he seeks discovery." *Oppenheimer Fund, Inc. v Sanders*, 437 U.S. 340, 351-352 (1978), citing *United States v Howard*, 360 F.2d 373, 381 (3rd Cir. 1966).

Moreover, production of these personnel files and employment contracts are overbroad and entirely irrelevant to Plaintiff's claims in this action. In the effect of overbroad and irrelevant subpoenas was addressed by the Court in *Hendricks*:

> [T]he Court concludes the subpoenas to plaintiffs' former employers and schools all seek irrelevant information....Thus, only subpoenas sent to subsequent employers of Ackerman, Donner and Spitler seek information which is not patently irrelevant. Even though that limited group of subpoenas seeks relevant information, the Court will grant the motion to quash because all of the subpoenas at issue, including any to

14

> subsequent employers of Ackerman, Donner and Spitler, are too
> broad...  It cannot be reasonably disputed that such scholastic material
> is entirely irrelevant to whether plaintiffs were exempt from the FLSA's
> overtime pay requirements. In short, compliance with the subpoenas
> will result in defendants receiving a plethora of documents, the vast
> majority of which would be completely unrelated to any possible issue
> in this case. [*Hendricks*, supra, at 255–56.]

The *Hendricks* Court concluded striking all of the subpoenas on grounds of relevancy, overbreadth, or both. *Id.* at 256.

In this action, Plaintiff raises no less than sixteen counts against Defendant State Farm. However, any potential information contained in the subpoenaed non-party personnel files and employment contract (Ex A, p 1) bares absolutely no relevance to Plaintiff's sixteen counts and would be excessively overbroad under *Hendricks,* supra. Specifically, Dr. Radden and Ms. Mahone are not referenced at all in Plaintiff's Complaint directly or indirectly. Spine Specialists of Michigan and Dr. Bagley are referenced once in paragraphs and 41 and 43 of the Complaint, but no direct claim is made against them (ECF No. 1, ¶¶ 41, 43). Intervenor also states that any potential relevancy to the allegations in the complaint filed against Spine Specialists of Michigan (5:22-cv-12349-JEL-EAS) should not be considered because these are separate actions and a conference under Fed R. Civ. P 26(f) has not occurred in Plaintiff's case against Spine Specialists of Michigan. When no exception applies, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)" Fed R. Civ. P 26(d)(1).Therefore,

because Plaintiff's subpoena requesting personnel files and employment contracts are overbroad, irrelevant, and seek protected information, Intervenor requests that these subpoena demands be quashed. (Ex A, p 1)

### B. Second Category of Subpoena Demands relating to production of medical records.

The second category of requests under these subpoenas relates to production of medical records, which requested, "a copy of all medication orders prescribed for Joy Rahaman by Dr. Michael Bagley, specifically Zerit and folic acid, copies of all MRI reports ordered by Dr. Michael Bagley for Joy Rahaman" and "[a] copy of Dr. Bagley history and physical for Joy Rahaman." (Ex A, pp 1, 2). As an initial matter, Intervenor objects that these requests are too vague and overbroad to reasonably identify the dates of the requested records. However, setting this aside, Ms. Rahaman already possesses a copy of her medical record, and has stated so herself on pages 36 to 38 of Plaintiff's Joint Rule 26(f) discovery plan. (ECF No. 26 Page Id. 961-963.)

> On March 23, 2017, Joy Rahaman went for a post-surgical follow up appointment when the Nurses Assistant came into the room to take her vital signs. After she documented Ms. Rahaman's blood pressure, NA left the screen open, before leaving the room. Ms. Rahaman notice under the heading, "medications" Zerit 20mg and Folic Acid 100mg. When Dr. Bagley entered, Joy Rahaman told him there was a mistake, she had never heard of those medications, and requested they be removed. Dr. Bagley told Ms. Rahaman he would remove them. [ECF No. 26, PageID. 961]

**Plaintiff went to the medical office and requested all her medical records**, specifically, the March 2017 medication sheets that had the Zerit 20 mg and Folic Acid 100 mg listed on it. **Ms. Rahaman received the information from Sharon McConnell, Front Desk Manager**. All the medication sheets were excluded. [ECF No. 26, PageID. 962. (emphasis added).]

Ms. Rahaman drove over to Spine Specialist of Michigan located on Telegraph Rd. in Southfield. When she arrived, she was informed by Sharon McConnell there were no medication sheets in her medical record. [ECF No. 26, Page Id.963.]

As demonstrated, Ms. Rahaman freely admits that she requested and received her medical records from Spine Specialists of Michigan. This should not be contested as Ms. Rahaman purported to attach her medical records to her Joint Discovery plan in this matter (ECF No. 26-1 PageID.1039-1049, 1055-1056.), as well as other matters. (See Case 5:20-cv-11628-JEL-EAS: ECF No. 8-1, PageID.177-178; ECF No. 8-4 PageID.235-240; ECF No. 8-5 PageID.258-272; ECF No. 19-1, PageID.480-482; and ECF No. 23-1, PageID.701. See also Case 5:22-cv-12349-JEL-EAS ECF No. 1-1, PageID.69-76). Ordinarily, it is possible that production of medical records can have some probative value. However, in this instance Plaintiff's request is meritless and harassing considering her medical records are already in her possession, and she is seeking records that do not appear to exist, such as a treatment date on March 23, 2017, and records referencing a "Zerit" medication. This was partially addressed by the *Hendricks* Court when they denied a request for production of records:

> As defendants note, resumes or applications sent to subsequent
> employers could contain "a plaintiff's own, contemporaneous
> description of his duties"... But defendants already should have in their
> records information showing ... the duties and responsibilities each
> plaintiff had while employed by defendants. It is unclear what, if any,
> additional information would be obtained by discovering how plaintiffs
> themselves described their employment with TQL to subsequent
> employers. [*Hendricks*, supra, at 254–55.]

Accordingly, because Plaintiff is already in possession of her medical record

and otherwise seeks information that does not appear to exist, her subpoena for

production of medical records should be denied. (Exhibit A, pp 1-2).  Furthermore,

her request for these records should also be denied because they could have no

potential relevancy to her specific claims against State Farm in this matter. Fed R.

Civ. P 26(b).

## C.     Third Category of Subpoena Demands for Depositions.

The third category of subpoenas were for irrelevant non-party depositions.

This category includes Plaintiff's November 1, 2022, subpoena to Dr. Michael

Bagley, (Exhibit A, p 3), and Plaintiff's November 11, 2022, subpoenas directed at

Dr. Louis Radden and his mother, Carol Mahone, demanding a deposition by written

questions. (Ex A, pp 4-5). As previously noted:

> Rule 45 does not list irrelevance or overbreadth as reasons for quashing
> a subpoena. ... It is well settled, however, that the scope of discovery
> under a subpoena is the same as the scope of discovery under Rule
> 26(b).... Thus, the court must examine whether a request contained in a
> subpoena duces tecum is overly broad or seeking irrelevant information
> under the same standards set forth in Rule 26(b) and as applied to Rule

34 requests for production. [*Hendricks,* supra at 253 (internal citations omitted).]

In this matter, Dr. Bagley was referenced once in passing in paragraph 41 of the Complaint. Paragraph 40 is also provided below for context:

> 40. At all material times, on March 3, 2017, Boederker law sent an email to Mr. Kevin Geer, Plaintiff's decedent attorney, stating Plaintiff was "taking Zerit 20 mg and folic acid 100 mg for treatment of her HIV." In the same email, she states, "Muslim should be grateful if we give her anything." (ECF No. 1, ¶40, PageID.13-14.)

> 41. At all material times, she mentions Aaron Sims, Defense Counsel for American Family Connect Prop., who is the Defense attorney in case no. 5:20-cv-11628, **and Dr. Michael Bagley, Orthopedic Surgeon who performed Plaintiff's shoulder surgery**. (ECF No. 1, ¶41, PageID. 14. (emphasis added).

The email referenced in paragraphs 40 and 41 of the Complaint was forged by Plaintiff, and she later attached it to her Joint Discovery Plan as Exhibit B. (ECF No. 26-1 PageID. 1051-1053). Please see Exhibit E.

Addressing the implications of fraudulently forging this email is beyond the scope of this motion. However, for purposes of this motion, this email was allegedly sent by a non-party Michelle Boedeker to another non-party, Ms. Rahaman's former Plaintiff Attorney, Kevin Geer. (*Id*). Information concerning these non-parties and their lack of connection with State Farm was recently discussed by State Farm in their November 21, 2022, Motion for Summary Judgment. (ECF No. 39, PageID. 1264-1265). Furthermore, it has never been asserted by Plaintiff that Dr. Bagley was an employee of State Farm. Because nonparties Ms. Boedeker, Mr. Geer, and Dr.

19

Bagley were never employed by or connected with State Farm, Dr. Bagley could possess no information that could be relevant to any parties' claims or defenses in this matter, including Plaintiff's defamation allegation. (ECF No. 1, PageID. 28) and Plaintiff's civil conspiracy allegation as it is limited to State Farm's alleged conflict of interest in a separate federal action, Case No. 5:20-cv-11628. (ECF No. 1, PageID. 20). Because any potential information Dr. Bagley could offer would be irrelevant to any party's claim or defenses in this action, this subpoena falls outside of the scope of discovery under Fed R. Civ. P 26(b).

Under Fed. R. Civ. P. 45(d)(3)(A)(iii) & (iv), a court is required to quash or modify a subpoena that requires disclosure of privileged or other protected matter or subjects a person to undue burden. Additionally, because the material sought in the subpoena must also satisfy the requirements of discovery under Fed R. Civ. P 26, the *Hendricks Court* held that the subpoenas should be quashed on both relevancy and overbreadth grounds. *Hendricks,* supra at 253 & 256. Accordingly, the proper remedy in this matter is to quash Plaintiff's Subpoena for Dr. Bagley's deposition. (Ex A, p 3.)

Furthermore, service on Dr. Bagley was not properly effectuated. Federal Rule of Civil Procedure 45(b) provides that "[a]ny person who is at least 18 years old and not a party may serve a subpoena" and that "[s]erving a subpoena requires delivering a copy to the named person." Fed. R. Civ. P. 45(b)(1). Plaintiff failed to

20

comply with Fed. R. Civ. P. 45(b)(1) as was sent nonparty Specialty Surgical Center who does not employ Dr. Bagley. As further proof of the insufficiency of this service, from the subpoena it appeared that Plaintiff wished to conduct an oral examination. (Ex A, p 3). However, this very morning, Intervenor received written questions for Dr. Bagley attached to this motion as Exhibit D. The written questions raised by Plaintiff are irrelevant and harassing. As a brief example, "[w]ere the owners aware you refer to Dr. Louis Radden who is black a n*gger?"; [w]ere the owners aware you refer to Joy Rahaman as a muslim and n*gger?"; "Were the owners aware you are a racist?"; "[i]t's obvious you, Michelle, and Aaron have severe control issues. **Are you a pedophile and do you go from state-to-state abusing kids and single women** since you are associated with multiple physician practices in California, Arizona, and Colorado?"; and "[d]o you, Michelle, or Aaron own and/or operate a pedophile ring?" (Exhibit D, ¶¶ 16-18, 71-72. Censor added). Intervenor also states any potential questions about his medical care and treatment has no relevancy to Plaintiff's claims against State Farm in this action. Because Dr. Bagley was not properly served, and his written questions are irrelevant and harassing his subpoena should be quashed.

For the same reasons Plaintiff's subpoenas for Dr. Louis Radden and his mother, Carol Mahone, which demand a deposition by written questions should be quashed as well. (Ex A, pp 4, 5). The specific questions to be answered by Ms.

21

Mahone and Dr. Radden are attached to this brief as Exhibits B and C, respectively. Upon review of the written questions included in Plaintiff's subpoena for Ms. Mahone, all of them are irrelevant to any of the parties' claims and defenses in this matter, and many of them are inappropriate, harassing and scandalous. For example, Ms. Rahaman asks Dr. Radden's mother if she:

- **posted information**, sent, or received messages **about Plaintiff on a pornographic website, "Only Fans"** (Ex B ¶¶ 12-13);

- put a **tracker on Plaintiff's car** (Ex B ¶¶ 43-45);

- requested or **paid for Plaintiff to be stalked** by investigators, staff, family members, friends, and others (Ex B ¶¶ 46-62).

- **altered medical records** (Ex B ¶¶ 26-32); and

- **committed identity theft** (Ex B ¶¶33-42).

These questions could have no possible relevancy to any of Plaintiff's specific claims against State Farm, and similarly bear no relevancy to a defense by State Farm. Fed. R. Civ. P 26(b). The remainder of the questions requested personal information and information related to potential social media accounts. Devolving this personal information is entirely irrelevant to any possible claim or defense between Plaintiff and State Farm and would only serve to provide Plaintiff with an additional platform to harass Ms. Mahone.

Similarly irrelevant and harassing questions were contained in the written questions for Dr. Radden, including personal information such as addresses and

phone numbers for himself and various employees (Ex C ¶¶ 1, 8, 10, 27); whether

employees were married to Dr. Bagley (Ex C ¶ 9); whether Dr. Radden, his mother,

or various persons:

- **contacted Judge David Allen** of Michigan's Third Judicial Circuit **to discuss her alleged injuries** (Ex C ¶¶ 13-19);

- **offered a bribe to Judge Allen** (Ex C ¶¶ 20-23);

- **conspired with** the law offices of her former plaintiff attorney **Kevin Geer** (Ex C ¶¶ 24-26);

- **sent or received text-messages or emails** stating she was: HIV Positive, Prescribed Zerit 20 mg and Folic Acid 100 mg, Uses Cocaine and other illicit drugs, Suicidal, Mental health issues, Abuses Alcohol, Smokes marijuana, Has high anxiety, or had a Fifth grade education (Ex C ¶¶ 28-35, 37-49);

- **whether Judge Allen sent or received emails** stating the above (Ex C ¶36);

- **stole Plaintiff's personal information**, specifically her driver's license and social security number from her medical records and use it **to commit Bank fraud** (Ex C ¶¶ 50-57);

- **filed a false police report** against Plaintiff (Ex C ¶¶ 61-65);

- **forged Plaintiff's name on any checks or a Durable Power of Attorney** (Ex C ¶¶ 66-78); and

- **whether** specifically **Dr. Radden, his mother, or Dr. Bagley** was using his medical office to **target single women** and single mothers **for a human sex trafficking ring** (Ex C ¶¶ 79-81).

These questions could have no earthly relevance this action, as Plaintiff never

alleged that Dr. Radden, Ms. Mahone, or Dr. Bagley were employed by State Farm

and the questions presented bear no iota of relevancy to any claim or defense

between Plaintiff and State Farm in this action. It is plainly evident that these

questions can only serve to harass Dr. Radden and obtain further personal

information to allow Ms. Rahaman to harass other individuals. In light of the *Hendricks* holding, Intervenor requests that Plaintiff's subpoenas for deposition by written questions against Dr. Radden and Carol Mahone (Ex A pp 4, 5) be quashed on grounds of relevancy, overbreadth and privilege. *Hendricks,* supra at 256.

## IV.

## CONCLUSION

"[T]he Court has the duty to deny discovery directed to matters not legitimately within the scope of Rule 26, and to use its broad discretionary power to protect a party or person from harassment or oppression that may result even from a facially appropriate discovery request." *Ward v Am Pizza Co*, 279 FRD 451, 458 (SD Ohio, 2012). "Likewise, discovery should be denied when a party's aim to delay bringing a case to trial, or embarrass or harass the person from whom he seeks discovery." *Oppenheimer Fund, Inc. v Sanders*, 437 U.S. 340, 351-352 (1978).

Here, Plaintiff's five subpoenas seek either overbroad or irrelevant information, information already believed to be in Plaintiff's possession, or otherwise seek to harass the deponents and others. Service was also not properly effectuated under Fed. R. Civ. P. 45(b)(1). Therefore, Intervenor respectfully requests that this Honorable Court quash Plaintiff's subpoenas. (Ex A, B, C, D.)

Furthermore, "when relevancy is not apparent on the face of the request, the party seeking the discovery has the burden to show the relevancy of the request."

24

*Hendricks*, supra at 253. Accordingly, in the alternative, Intervenor requests that this Honorable Court require Plaintiff to bear the burden of showing the relevancy of her subpoenas under *Hendricks,* and Intervenor requests a protective order pursuant to Fed. R. Civ. P. 26(c). Intervenor also gives notice that they will seek sanctions against Plaintiff under Fed. R. Civ. P 11 for necessitating the filing of this motion to quash clearly irrelevant and harassing subpoenas.

WHEREFORE, Intervenor, Spine Specialists of Michigan, respectfully requests that this Honorable Court quash Plaintiff's November 1, 2022, subpoenas directed at Spine Specialists of Michigan, Dr. Bagley, as well as Plaintiff's November 11, 2022, subpoenas directed at Dr. Louis Radden and Carol Mahone. In the alternative, Intervenor requests that this Honorable Court require Plaintiff to bear the burden of showing the relevancy of her subpoenas under *Hendricks,* and Intervenor requests a protective order pursuant to Fed. R. Civ. P. 26 (c).

Respectfully submitted,

TANOURY, NAUTS, MCKINNEY & DWAIHY, PLLC

BY: */s/ Cullen B. McKinney*
CULLEN B. McKINNEY (P49757)
Attorney for Spine Specialists of MI
38777 Six Mile Road, Suite 101
Livonia, MI 48152
(313) 964-4500

DATED: December 1, 2022

## __PROOF OF SERVICE__

I hereby certify that on December 1, 2022, I presented the foregoing paper to the Clerk of the Court for filing and uploading to the ECF system, which will send notification of such filing to the attorneys of records listed herein and I hereby certify that I have mailed by US Postal Service the document to the involved non participants.

*s/ Renee K.* Elwell
RENEE K. ELWELL
