UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Joy Rahaman,

          Plaintiff,          Case No. 22-10635

v.                                  Judith E. Levy
                                  United States District Judge

State Farm Mutual Insurance
Company,                          Mag. Judge Elizabeth A.
                                  Stafford

          Defendant.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART NON-PARTY SPINE SPECIALISTS OF MICHIGAN'S MOTION TO QUASH [50], DENYING MOTION TO INTERVENE [49] AS MOOT, AND STAYING DISCOVERY

Before the Court are non-party Spine Specialists of Michigan's ("SSM") motion to intervene and motion to quash. (ECF Nos. 49, 50.) For the reasons set forth below, the Court grants in part and denies in part the motion to quash and denies the motion to intervene as moot. Additionally, the Court stays discovery pending the resolution of Defendant State Farm Mutual Insurance Company's motion for judgment on the pleadings and/or for summary judgment. (ECF No. 39.)

I.   **Background**

This case is one in a series of lawsuits brought by Plaintiff related to her September 2016 car accident. On March 24, 2022, Plaintiff filed this action against Defendant, the insurer of the other car involved in the 2016 accident. (ECF No. 1.) On October 4, 2022, Plaintiff filed a separate action against SSM and Specialty Surgical Center ("SSC"), which were involved in her treatment following the 2016 accident. *See generally* Compl., *Rahaman v. Spine Specialists of Mich.*, No. 22-12349 (E.D. Mich. Oct. 4, 2022). Plaintiff's complaint in that action makes numerous allegations against several SSM employees, including Dr. Michael Bagley. *See generally id.* (*See also* ECF No. 60, PageID.2018 (discussing Plaintiff's allegations against SSM employees).) Dr. Bagley and Dr. Louis Radden, the owner of SSM, treated Plaintiff following her 2016 accident. (*See* ECF No. 60, PageID.2018; ECF No. 50, PageID.1883.) Carol Mahone is Dr. Radden's mother.[1] (ECF No. 50, PageID.1883.)

On or about November 1, 2022, Plaintiff personally mailed two subpoenas to SSM. (*See* ECF No. 50-2, PageID.1910–1911; ECF No. 60,

---

[1] It is unclear from the filings precisely what relationship Ms. Mahone has with SSM.

2

PageID.2019.) The subpoenas requested personnel files for certain SSM employees, medication orders for Plaintiff from Dr. Bagley, MRI reports for Plaintiff ordered by Dr. Bagley, SSM's contract with Dr. Bagley, and "a copy of Dr. Bagley['s] history and physical for [Plaintiff]." (ECF No. 50-2, PageID.1910–1911.) Plaintiff also personally mailed a subpoena directed to Dr. Bagley. (*See id.* at PageID.1912.) However, that subpoena was erroneously sent to SSC, which does not employ Dr. Bagley. (*See id.*; *see also* ECF No. 50, PageID.1901–1902.) On or about November 12, 2022, Plaintiff personally mailed two additional subpoenas to SSM's address which were directed at Dr. Radden and Ms. Mahone. (*See* ECF No. 50-3, PageID.1916, 1919; ECF No. 50-4, PageID.1931, 1934; *see also* ECF No. 60, PageID.2020 ("I sent a deposition to Carol Mahone . . . .").)

On December 1, 2022, SSM filed a motion to intervene in this action and a motion to quash these five subpoenas.[2] (ECF Nos. 49, 50.) Plaintiff filed a response on December 8, 2022 (ECF No. 60), and SSM replied on December 15, 2022. (ECF No. 62.)

---

[2] SSM previously filed its motions on November 30, 2022. (ECF Nos. 44, 45.) However, the Court struck these initial filings as they incorrectly identified the relevant party and failed to comply with the Eastern District of Michigan's Local Rules.

3

## II. Motion to Quash

### A. Standing to Challenge Subpoenas

Before addressing SSM's motion to quash on the merits, the Court must first determine whether SSM has standing to quash the subpoenas directed at Dr. Bagley, Dr. Radden, and Ms. Mahone.

In general, "[t]he party to whom the subpoena is directed is the only party with standing to oppose it." *Donahoo v. Ohio Dep't of Youth Servs.*, 211 F.R.D. 303, 306 (N.D. Ohio 2002) (citation omitted). "If the movant can show the subpoena would violate their privilege or a personal right, they may have standing." *Proto Gage, Inc. v. Fed. Ins. Co., Inc.*, No. 21-12286, 2022 WL 1598621, at *2 (E.D. Mich. May 19, 2022) (citing *Mann v. Univ. of Cincinnati*, 114 F.3d 1188 (6th Cir. 1997)). "But a mere claim of personal right or privilege does not automatically confer standing. Indeed, '[t]he party seeking to quash a subpoena bears a heavy burden of proof.'" *Schaumleffel v. Muskingum Univ.*, No. 2:17-CV-463, 2019 WL 3071851, at *2 (S.D. Ohio July 15, 2019) (alteration in original) (quoting *Ajuba Int'l, LLC v. Saharia*, No. 1:11-CV-12936, 2014 WL 4793846, at *2 (E.D. Mich. Sept. 25, 2014)). "To meet that heavy burden, the movant must make more than 'conclusory' assertions of an interest or privilege.

Without standing, a party may not challenge the subpoena on any ground, including undue burden or relevance." *Id.* (citations omitted); *see also Proto Gage*, 2022 WL 1598621, at *2.

Here, SSM seeks to quash the two subpoenas directed at SSM and the three subpoenas directed at Dr. Bagley, Dr. Radden, and Ms. Mahone.³ (*See* ECF No. 50, PageID.1885, 1887, 1894–1905; ECF No. 62, PageID.2127–2129, 2132.) SSM asserts that "it has proper standing to challenge Plaintiff's five subpoenas discussed in this motion pursuant to Rule 24 of the Federal Rules of Civil Procedure." (*Id.* at PageID.1893.) It further argues that the information sought is "privileged." (*See id.* at PageID.1895, 1905.) However, SSM fails to explain what personal right or privilege it has in the subpoenas directed to Dr. Bagley, Dr. Radden, and Ms. Mahone, instead offering only conclusory assertions. As such, SSM has failed to meet its "heavy burden" to establish standing to quash

---

³ Counsel for SSM did not file an appearance in this action on behalf of Dr. Bagley, Dr. Radden, or Ms. Mahone and signed SSM's filings as "Attorney for Spine Specialists of MI." (*See* ECF No. 48; ECF No. 49, PageID.1843; ECF No. 50, PageID.1906.) Moreover, SSM's brief makes clear it is seeking to quash the subpoenas to these three individuals on its own behalf. (*See, e.g.*, ECF No. 50, PageID.1887 ("Concise Statement of Issues Presented: . . . . 3. Whether Spine Specialists of Michigan may quash Plaintiff Subpoena for a deposition issued to Dr. Michael Bagley, . . . .").)

5

these three additional subpoenas. Accordingly, the Court will deny SSM's motion to the extent it seeks to quash the subpoenas for Dr. Bagley, Dr. Radden, and Ms. Mahone.

### B. Service of the Subpoenas

While SSM's opening brief focuses much of its arguments regarding service of the subpoenas on those directed to Dr. Bagley and Ms. Mahone (*see* ECF No. 50, PageID.1883–1884), SSM clarifies in its reply that it is also seeking to quash the two subpoenas directed to SSM based on improper service. (*See* ECF No. 62, PageID.2129.)

Federal Rule of Civil Procedure 45(b) provides that "[a]ny person who is at least 18 years old *and not a party* may serve a subpoena" and that "[s]erving a subpoena requires delivering a copy *to the named person*." Fed. R. Civ. P. 45(b)(1) (emphasis added). Courts are divided on whether Rule 45 requires personal service upon the named individual. *See Monson v. Ghougoian*, No. 18-10638, 2019 WL 2464499, at *1 (E.D. Mich. June 13, 2019); *Oceanfirst Bank v. Hartford Fire Ins. Co.*, 794 F. Supp. 2d 752, 753–54 (E.D. Mich. 2011) (collecting cases). While the Sixth Circuit has not conclusively addressed the issue, it has previously affirmed an order quashing a subpoena where the plaintiff failed to

comply with the requirements of Rule 45, including personal service. *See Hill v. Homeward Residential, Inc.*, 799 F.3d 544, 552–53 (6th Cir. 2015). In this District, courts have repeatedly held that Rule 45 also permits service by alternate means. *See Asian Food Serv., Inc. v. Travelers Cas. Ins. Co. of Am.*, No. 18-13454, 2020 WL 230134, at *1 (E.D. Mich. Jan. 15, 2020) (collecting cases). "However, the party seeking to serve a subpoena by alternate means must first 'demonstrate[ ] an inability to effectuate [personal] service after a diligent effort.' Moreover, '[t]he alternate means must be reasonably calculated to achieve actual delivery.'" *Id.* at *1 (alterations in original) (quoting *Oceanfirst Bank*, 794 F. Supp. 2d at 754).

Here, Plaintiff personally mailed two subpoenas to SSM on November 1, 2022. (*See* ECF No. 60, PageID.2019.) Plaintiff does not explain how she attempted to have these subpoenas personally served on SSM in compliance with Rule 45.[4] Nor has Plaintiff sought permission from the Court to serve SSM by alternative means. As such, the Court

---

[4] In her response, Plaintiff asserts that she has properly served these subpoenas, pointing to Federal Rule of Civil Procedure 31(a)(3). (ECF No. 60, PageID.2020.) However, that provision concerns notice of the deposition by written questions to the other parties in this action, not proper service of the subpoena on the deponent. *See* Fed. R. Civ. P. 31(a)(3).

7

finds that Plaintiff has failed to properly serve SSM with these subpoenas as required under Rule 45. Accordingly, the Court grants the motion to quash with respect to the two subpoenas directed to SSM.

### III. Further Discovery in this Case is Stayed Pending Resolution of Defendant's Motion

While the Court does not reach SSM's arguments regarding relevance and harassment, the undersigned finds Plaintiff's written deposition questions to Dr. Bagley, Dr. Radden, and Ms. Mahone concerning. In her written deposition questions, Plaintiff accuses Ms. Mahone of stealing Plaintiff's identity, having a tracking device placed on Plaintiff's car, and paying others to stalk Plaintiff. (*See* ECF No. 50-3, PageID.1925–1927.) Plaintiff similarly accuses Dr. Radden of stealing her identity to commit bank fraud, filing a false police report against Plaintiff, paying employees to stalk and spy on Plaintiff, and using his medical office to recruit for a sex trafficking ring. (*See* ECF No. 50-4, PageID.1954–1957.) Likewise, Plaintiff's written deposition question for Dr. Bagley accuses him of stalking Plaintiff, having "sociopathic tendencies," running a sex trafficking ring, conspiring to murder Plaintiff and Dr. Radden, and committing insurance fraud by filing a false death certificate for Plaintiff. (*See* ECF No. 50-5, PageID.1965, 1980–1984.)

It is unclear how any of these inflammatory allegations relate to Plaintiff's claims against Defendant State Farm in this case, and Plaintiff has refused to provide any explanation. (*See* ECF No. 60, PageID.2020 ("Plaintiff does not have to disclose other discovery as to justify her personal reasons for such a request.").) Without a connection to Plaintiff's claims in this action, such questions are indeed irrelevant and harassing. As such, further discovery in this case will require close supervision from the Court to ensure compliance with the Rules and prevent harassment of non-parties.

However, the Court need not consider what limitations on discovery may be appropriate at this time. Instead, the Court will stay any further discovery in this action pending the resolution of Defendant's motion for judgment on the pleadings and/or for summary judgment. (ECF No. 39.) "Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Gettings v. Bldg. Laborers Loc. 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (quoting *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999)). "Limitations on pretrial discovery are appropriate where claims may be dismissed 'based on legal determinations that could not

9

have been altered by any further discovery.'" *Id.* (quoting *Muzquiz v. W. A. Foote Mem'l Hosp., Inc.*, 70 F.3d 422, 430 (6th Cir. 1995)). Should the Court rule in Defendant's favor, the motion for judgment on the pleadings and/or for summary judgment will dispose of all of Plaintiff's claims and result in dismissal of this action. (*See generally* ECF No. 39.) With respect to Defendant's request for judgment on the pleadings, the pleadings are closed[5] and no further discovery is necessary to resolve the motion under Rule 12(c). To the extent the Court addresses Defendant's motion as one for summary judgment under Rule 56, Plaintiff has already been given an opportunity to file a notice detailing what outstanding discovery she required in order to oppose Defendant's motion. (*See* ECF Nos. 58, 59.) *See also* Fed. R. Civ. P. 56(d).[6] As such, further discovery is unnecessary

---

[5] Defendant filed its answer to Plaintiff's complaint on April 15, 2022. (ECF No. 6.) On April 18, 2022, Plaintiff moved to strike Defendant's answer. (ECF No. 9.) The Court referred Plaintiff's motion to Magistrate Judge Elizabeth A. Stafford, who denied the motion on May 5, 2022. (ECF No. 14.) Plaintiff timely objected to Judge Stafford's Opinion and Order on May 10, 2022. (ECF No. 16.) On November 30, 2022, the Court denied Plaintiff's objections to Judge Stafford's Opinion and Order. (ECF No. 47.)

[6] Rule 56(d) states: "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."

for the Court to rule on Defendant's dispositive motion. Accordingly, the Court stays all discovery in this action pending the resolution of Defendant's motion for judgment on the pleadings and/or summary judgment.

## IV. Conclusion

For the reasons set forth above, the Court GRANTS IN PART AND DENIES IN PART SSM's motion to quash. (ECF No. 50.) The motion is GRANTED with respect to the two subpoenas directed to SSM but DENIED with respect to the subpoenas directed to Dr. Bagley, Dr. Radden, and Ms. Mahone.

The Court DENIES SSM's motion to intervene (ECF No. 49) as MOOT.

The Court STAYS discovery in this action pending its ruling on Defendant's motion for judgment on the pleadings and/or for summary judgment. (ECF No. 39.) Accordingly, the parties may not engage in further discovery related to this matter until the Court rules on Defendant's motion and lifts the stay. The Clerk's Office is DIRECTED not to issue any further subpoenas in this action until the Court lifts the stay.

IT IS SO ORDERED.

Dated: January 4, 2023           s/Judith E. Levy
Ann Arbor, Michigan          JUDITH E. LEVY
                                           United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 4, 2023.

                                            s/William Barkholz
                                            WILLIAM BARKHOLZ
                                            Case Manager